### John W. Phillips v. George Jacob Stauch.

*Appeal in Chancery: Hearing in the Supreme Court.* Where a case has been heard in the Court below upon pleadings and proofs, and comes into this Court by appeal, if the pleadings be in substance sufficient, objections of a formal nature will not be regarded.—*Dye v. Mann,* 10 *Mich.,* 291.

*Specific performance : Contract to convey a homestead..* A deed by a husband, not signed by his wife, of premises occupied by them as a homestead, is not merely voidable, having a contingent operation as to the homestead; it is wholly invalid. And a contract by the husband to make such a conveyance, intended to have a direct and present operation, will not be specifically enforced.—*Ring v. Burt,* 17 *Mich.,* 465.

*Compensation in lieu of specific performance.* In a case where the value of the property, which includes a homestead, and which the husband contracted to convey, exceeds the maximum allowed as a homestead, and the premises are also subject to the contingent dower of the wife; the adjustment of compensation, together with a decree for a partial performance, would be so difficult, that it ought not to be attempted.

*Heard May 5. Decided May 10.*

Appeal in Chancery from Oakland Circuit.

John W. Phillips filed his bill in the Circuit Court for the County of Oakland in Chancery, to obtain the specific performance of a contract, by which George Jacob Stauch agreed to convey to him, a farm in Oakland County, of

about ninety-two acres; on which, at the time of the contract, Stauch was residing with his family. The facts of the controversy were settled by stipulation, as follow:

"*First.* That on the 12th day of January, 1869, the said defendant was the owner, seized in fee, of the premises described in the complaint's bill of complaint; and that the defendant was then in the possession of said premises, and that upon that day he, the defendant, made, executed and delivered to said complainant a bond for a deed of said premises, upon an agreement for the sale of the same by the said defendant, to said complainant. This purchase, by said complainant, included the wheat on the ground, and the coarse fodder which should be on the premises on the first day of April, 1869. Also, that the complainant was allowed by said defendant to take possession of said premises under said agreement to purchase, on or about the 20th day of March, 1869; and he moved on said premises with his family, and has ever since remained in possession of said premises, under and in pursuance of said agreement."

The bond referred to was conditioned that the defendant should convey the premises to the complainant by a good and sufficient warranty deed, duly witnessed, &c., on or before the first day of April, A. D. one thousand eight hundred and sixty-nine: "Provided that the said John W. Phillips, his heirs, executors, administrators or assigns, pay to said George Jacob Stauch, for the said land as follows, fifty dollars per acre: Fifteen hundred dollars on the first day of April, 1869, and the balance to be secured by a mortgage on the said land, at seven per cent. interest."

"*Second.* On the first day of April, 1869, the parties met at Royal Oak, but the complainant not having yet received his money did not pay the said fifteen hundred dollars; said defendant demanded said money, and offered to make a deed, but the complainant told the defendant he could not pay that day, but if he insisted on the payment at once, he would get the money and pay the $1,500 in a

day or two. The defendant did not on said day tender the complainant any deed, but said he was ready to make one, and he had a deed drafted but not signed. Said complainant, on the third day of April, 1869, tendered to said defendant the said sum of fifteen hundred dollars, having before the first day of April, 1869, to wit, on the day after the agreement, paid to said defendant the sum of sixteen dollars of said purchase money, and said complainant, also, on the third day of April, offered to make and execute a mortgage on said premises to secure the balance of said purchase money to said defendant, according to said bond.

" That said complainant demanded a deed of said defendant, according to the terms of the bond; said defendant refused to accept said money or make a deed. After said third day of April, the said defendant commenced a suit against said complainant, before the Circuit Court Commissioner of said County of Oakland, to recover the possession of the premises. Afterwards, the complainant commenced this suit.

" On the 16th day of April, 1869, the said defendant tendered to the complainant a warranty deed of said premises, executed by the said defendant, but not executed by his wife, and said defendant demanded of said complainant the payment of said sum of fifteen hundred dollars, and the execution of a note and mortgage, for the balance of the purchase money of said premises. The complainant refused to accept said deed and pay over said money, and execute said note and mortgage, for the reason that said deed was not executed by the wife of said defendant."

" It is also admitted, that at the time of making said contract for the sale of said premises, said defendant had a wife, and with his wife and family resided upon said premises, as his homestead, and that afterwards, and before the first day of April, 1869, said defendant, with his wife and family moved off said premises, and into Macomb county, where he has since resided with his wife and family. That

at the time he, said defendant, so executed said deed, he had a wife, and that his wife is still living, and is the lawful wife of said defendant, and she refuses to execute said deed. Afterwards, and on the said 16th day of April, 1869, the said fifteen hundred dollars was paid into Court by said complainant, in pursuance of the order of Court, dated 17th January, 1870."

The cause having been heard upon pleadings and proofs, a decree was entered that the defendant should within forty days execute and deliver a warranty deed, with the usual full covenants, and bearing date the 1st day of April, 1869, conveying to the said John W. Phillips, the premises described in said bill of complaint, with the full release of the right of dower of Barbara Stauch, his wife, to said premises; but in case she should refuse to execute said release, or to join in said deed for that purpose, that then the said George Jacob Stauch execute the deed by himself as aforesaid, and deliver the said deed to the Register, to be delivered over to said complainant upon the compliance by said complainant on his part with the terms of said agreement, as hereinafter specified. These terms were the payment of the money as agreed, and the execution of a mortgage to secure the deferred payments.

The decree further "ordered, that unless the said defendant, George Jacob Stauch shall procure the release by the said Barbara Stauch, his wife, of her right of dower in said premises, there shall remain in abeyance of said purchase money the sum of one thousand five hundred and thirty-nine 33-100 dollars, (being one-third of the purchase money) of the last payment thereof, being the eight hundred dollar payment which is to become due on the first day of April, 1875; and the payment of five hundred dollars to become due on the first day of April, 1874, and the sum of two hundred and thirty-nine 33-100 dollars of the payment to become due on the first day of April, 1873, the principal of which shall not become payable until

the said defendant shall procure the release of the right of dower of the said Barbara Stauch, his said wife, or until said right of dower shall become extinguished in said premises by the act or deed of the said Barbara Stauch, or by the operation of law, but that in every other respect, both as to principal payments and interest, the said mortgage shall stand and remain in full force."

The decree contained some further provisions to secure its enforcement.

From this decree the defendant appeals to this Court.

*M. E. Crofoot* and *C. I. Walker*, for complainant.

I. It is well settled by repeated decisions of this Court, as well as others, that where it is not expressly stipulated by the terms of the contract that time shall be of the essence thereof, a court of equity will relieve a party in default, where there would be no particular hardship imposed upon the party against whom the execution of the contract is sought to be enforced.—*Bomier v. Caldwell, 8 Mich., 463; Wallace v. Pidge, 4 Mich., 570; Morris v. Hoyt, 11 Mich., 9; Richmond v. Robinson, 12 Mich., 193; 2 Story's Eq. Jur., § 775; 3 Leading Cases Eq., 83-4.*

II. The defendant, by his bond covenanted to execute and deliver to complainant " a good and sufficient warranty deed duly witnessed and conveying," &c., the premises. A conveyance, good in form, does not satisfy such a covenant unless the deed conveys a clear, unincumbered, sufficient title to all the lands.—*Dwight v. Cutler, 3 Mich., 566; Pomeroy v. Drury, 14 Barb. 418; Clute v. Robinson, 2 Johns. 595; Judson v. Wass, 11 Ib. 525; Fletcher v. Button, 4 Comst., 396; Stow v. Stevens, 7 Vermont, 29; Tremain v. Tinning, Wright, 644; Dearth v. Williams, 2 Sergt. & Rawle, 498; Hunter v. O'Neil, 12 Ala., 37; Burwell v. Jackson, 5 Seld., 535; Swan v. Drury, 22 Pick., 485.—* Where an inchoate right of dower exists, as in this case, a

deed without a release of that right is not a compliance with the terms of the contract, and the purchaser is not bound to accept such a deed as a fulfilment thereof.— *Rawle on Covenants for Title, 121 to 135 ; Shearer v. Ranger, 22 Pick. 447 ; Jones v. Gardner, 10 Johns., 266 ; Pomeroy v. Drury, 14 Barb., 418 ; Park v. Brooks, 16 Ala., 529 ; Porter v. Noyes, 2 Maine, 22.*—Nor on the tender of such a deed could the vendor enforce specific performance.—*Fuller v. Wright, 18 Pick., 405.*—But the vendee may in just such a case enforce specific performance as against the vendor, and have a deduction made from the purchase price, of the value of the right of dower.—*3 Leading Cases Eq. 72, 89, 90 ; 2 Story's Eq., § 779 ; Woodbury v. Luddy, 14 Allen, 1 ; Davis v. Parker, 14 Allen, 94 ; Wright v. Young, 6 Wis. 127; Springle v. Shield, 17 Ala., 295 ; Hazelrig v. Hutson, 18 Ind., 481.*

III. There can be no defense in this action based upon the ground that at the time the contract was made the premises in question were a homestead.

*First.* The question is not raised by the pleadings. The answer incidentally and indirectly states that the premises were at the time of the contract occupied as a homestead, but it is not averred that it was a homestead as described in the law, that the contract was void upon that ground, or that the defendant refused to perform the same, or the wife to sign the deed thereof upon any such ground.— *Kitchell v. Burgain, 21 Ill., 40.*—On the contrary, the intimation of the occupation as a homestead is simply introductory to the averment that the wife refused to join in the deed and release her right of dower.

*Second.* The contract was not void even if the premises at the time thereof constituted a homestead. The Constitution and the homestead law provide that a mortgage or other alienation shall not be valid without the signature of the wife.— *Comp. Laws, p. 72 and § 4495.*—But a contract is neither a mortgage nor an alienation, nor does it effect

a transfer of the homestead or create a lien thereon as would a deed or mortgage. It simply creates a personal obligation on the part of the vendor. Equity would not enforce it, and the vendee would be left to his action at law for damages. It does not conflict with the policy of the homestead law to permit the owner to incur personable obligations in relation thereto.—*contra, Yost v. Devault, 9 Iowa, 60.*

*Third.* Before the time fixed for the execution of the conveyance, the premises ceased to be occupied by the defendant and his family and the claim that they had previously constituted a homestead is of no avail.— *Williams v. Sweatland, 10 Iowa, 51; Davis v. Kelly, 14 Iowa, 525; Estate of Freeland, 16 Wis., 79; Horn v. Tufts, 39 N. H., 78.*

*Fourth.* The defendant has, by his conduct waived any claim of this character.

*Fifth.* But the premises did not constitute a homestead in the legal sense of that term, that is: a homestead exempt from execution and sale. It consisted of 92 acres of land and was of the value of $4,600. Both the quantity and the value were greater than is permitted. There had been no selection by the owner of any portion thereof as a homestead.—*Laws of 1861, p 540; Comp. Laws, § 4495; People v. Plumstead, 2 Mich., 465; Beecher v. Baldy, 7 Mich., 488.*

*Sixth.* But even if the defendant had a right after this contract, to select from the premises a homestead, not exceeding forty acres in extent and fifteen hundred dollars in value, he should have made that selection and tendered a performance as to the balance, and the complainant would have been entitled to such performance as far as that portion is concerned, with a corresponding deduction in price. *14 Allen, 1.*

The rights of the wife, if any she still has, may still be asserted, notwithstanding the decree, and there is no objec-

tion to the decree against the husband as to the homestead. *Yost v. Devault*, 9 *Iowa*, 66 *; Larson v. Reynolds*, 13 *Iowa*, 586.

*W. B. Jackson* and *Ward & Palmer*, for defendant.

Enforcing specific performance is not a right to be demanded, but a power to be exercised in the discretion of the Court, and will not be decreed if there are substantial objections to the contract.—*Seymour v. Delancy*, 6 *Johns., Ch. Rep. 222 ; Chambers v. Livermore*, 15 *Mich., 381.*—In cases where the only obstacle in the way of the execution of the contract is the wife's right of dower, the Court will decree a specific performance, so far as the husband is concerned, if the vendee will waive the release of the dower.— *Weed v. Terry*, 2 *Douglass, 344 ; Richmond v. Robinson*, 12 *Mich., 193.*

The complainant in this case refuses to accept such a performance, and demands not only the indemnity of the defendant's warranty, but also that he shall leave one-third of the purchase money unpaid till the wife submits to release her right of dower, or it is extinguished by her death. If the Court would decree that the husband should procure the wife's release of dower, it would enforce a compliance with the decree, by imprisoning or fining him, or by subjecting him to pecuniary loss or inconvenience, till by acting on the wife's sympathies or her interests, on account of their close connection with his, they could overcome her wishes and compel her to join in the conveyance. The Court below, by its decree, although it does not, in form, order the defendant to procure his wife's release, yet resorts to the same compulsory measures to constrain her into giving it, that it would if it had. Such a course is subversive of the policy of our law, which carefully guards the rights of the wife; providing that she may bar her dower by joining in the conveyance with her husband, and ac-

knowledging that she does it freely, and without fear or compulsion from any one; and is averse to the authority of the best considered cases. — *Clark v. Seiver, 7 Watts, 107: Carson v. Mulvaney, 49 Penn. St., 88; Clark v. Reins, 12 Grattan, 98 ; Balamanno v. Lumley, 1 Ves. & Bea., 224; Aylett v. Ashton, 1 Mylne & Craig, 105.*

But, beyond the right of dower, the more important and if possible more carefully guarded right of homestead is involved in this case. A right that may be claimed not only by the husband, but enures to the benefit of the widow and minor children after his death.

If the defendant, at the time he executed the contract, had executed a deed of the premises instead of the contract the deed would have been not voidable, but absolutely void —as far as the homestead was concerned.—*C. L. pp. 72-3 pp. 1217, 1218; Beecher v. Baldy, 7 Mich 488; Dye v. Mann, 10 Mich., 291; McKee v. Wilcox, 11 Mich., 358; Ring v. Burt, 17 Mich., 495; Alley v. Bay, 9 Iowa, 509; Yost v. Devault, 9 Iowa, 60; Larson v. Reynolds, 13 Iowa, 579.*

The complainant, it is true, claims that the wife, by moving off from the premises after the execution of the contract, waived her right to a homestead in them. But such is not the mode provided by statute, independently of which she has no power to act, by which the right can be waived by her, and until she has done it in the manner provided by law, or until at least she has acquired another homestead, a *locus penitentiæ* remains open to her.—*King v. Cropper, 35 Ill., 256 ; Vanzant v. Vanzant, 23 Ill., 536; C. L. pp. 1217-18 ; Ring v. Burton, 17 Mich., 465; Dulanty v. Rynchon, 6 Allen, 510 ; Castle v. Palmer, 6 Allen, 401, 404; Conner v. Murray, 2 Allen, 202; Ives v. Mill, 37 Ill., 73.*

But if her removing from the premises could have the effect claimed for it, it could be of no avail to the com-

plainant in this case. Neither that act nor any other could galvanize into life a contract that is utterly void.

The complainant entered into the contract, he now seeks to have enforced, knowing all its defects and infirmities; and that the defendant had not the power to give the title stipulated for. Under such circumstances, if he is not willing to accept such a title as the defendant can give, and such as will not expose him to litigation hereafter, that is a warranty deed, subject to the right of dower and homestead without indemnity or compensation, he should be content if he is remitted to a court of law for his remedy in damages.

GRAVES, J.

The bill in this cause was filed by Phillips to compel the specific performance of a contract executed to him by Stauch for the conveyance of a farm of a little over ninety-two acres of land.

The questions discussed before us arise out of the claim of the defendant that the property agreed to be conveyed embraced his homestead, and that his wife has refused to join in any conveyance or release, by which an alienation of the homestead would be effected, or her right to dower would be cut off, and the claim on the part of the complainant, which the defendant resists, that the contract ought to be enforced with a deduction or compensation for any estate or right the defendant is unable to convey.

There is another difficulty in the case growing out of the uncertainty of the contract, as to the terms of the security to be given by complainant to secure the payment of a portion of the purchase money, but as this point was not raised by counsel, and its solution is not found essential to the decision of the case, we abstain from any discussion of it.

The counsel for complainant, in the able argument addressed to us, contended:

*First*, that the answer failed to present a case which would authorize a defense based on the law exempting homesteads.

*Second*, that supposing the pleading to be sufficient to allow a defense of that kind, that still the evidence showed that whatever homestead right the defendant may have possessed in the farm, at the time of the contract, was waived before the bill was filed. And—

*Third*, that if a part of the premises constituted a homestead, and the remainder was subject to the wife's contingent dower right, the defendant should be decreed to convey whatever right and estate in the premises he can legally convey by deed executed by himself alone, and to compensate complainant by deduction from the purchase price or otherwise for the deficiency.

The foregoing propositions may be conveniently considered in the order in which they are stated.

*First.* The statements in the bill and the allegations and admissions of the answer are believed to be sufficiently explicit on the hearing here to admit the defense under the homestead law. When a case has been heard in the Circuit Court on pleadings and proofs, and is brought here to be heard again, as in the Court below, and the pleadings are in substance sufficient, we are not disposed to regard objections of a formal nature only.—*Dye v. Mann, 10 Mich., 291.*

The bill before us states that defendant at the time of the contract was the owner of the premises in fee, that they consisted of 92 36-100 acres of land, with a dwelling house, barn, and the usual out-buildings, that the defendant was in possession, that when complainant went to take possession, the defendant and his wife resided in the dwelling house, that he agreed to give $50 per acre for the land, and that it is now worth $70 per acre.

The answer admits the defendants' ownership, avers that the property is not worth to exceed $50 per acre, that at the time of the contract the defendant was a married man, and with his wife who is still living, occupied the farm as a homestead, and that his wife refused and still refuses to join in any release or conveyance of the property to complainant.

We think there is enough in these pleadings to allow us to consider the question of exemption, and we find evidence in the record that the parties believed that this matter was in issue, since a portion of the proof was directed to the point. The whole evidence was embodied in a stipulation in which the facts were admitted, and this passage is there found.: " It is also admitted that at the time of making said contract for the sale of said premises said defendant had a wife and with his wife and family resided upon said premises as his homestead."

It being settled that the pleadings authorized the introduction of evidence to show that defendant had a homestead in the premises at the time of the bargain, the bill and proof make it certain that the defendant did own and occupy a homestead in the premises at the time named.

*Second.* The complainant maintains that the defendant's surrender of possession in March, under the agreement to sell, the subsequent residence in Macomb County, and the tender of a deed on the 16th of April, and demand of payment of $1,500 of the purchase money, and the mortgage to secure the balance, constituted a waiver of all right under the homestead exemption law, and that the bond for a deed became operative in equity.

If instead of the contract or bond, the defendant had given his individual deed of his homestead, or of the farm including the homestead, it would have been wholly invalid as to such of the premises as the homestead embraced.— *Dye v. Mann, 10 Mich., 291, Ring v Burt, 17 Mich., 465—* It could not have had a contingent operation in respect

to the homestead. It would not have been voidable merely as to that, but would have been *wholly invalid.*

Therefore no subsequent relinquishment of possession or residence elsewhere could have given it vitality. While the conditions essential to the existence of the homestead right continued, no alienation by the defendant alone could be valid, and no alienation of defendant alone while such conditions remained, could be vitalized or rendered valid by a subsequent change of residence or home. A new grant or other authorized disposition after the removal of the impediment would be indispensable.

This position does not appear to be controverted. But it is suggested that though the defendant by himself could not convey the homestead while it remained intact by occupancy, that nevertheless he could make his personal contract for a conveyance, and that such contract would support a bill for specific performance, if filed after possession given by the vendor, and a residence by him fixed elsewhere.

Whatever may be thought of this distinction when applied to some cases, it is deemed to be untenable when referred to this case. The contract made by defendant was intended to have a direct and present operation against the farm, including the homestead, and to serve as a binding agreement for the conveyance of the legal title. And in fact as claimed by complainant, it sufficed to place him in possession.

If valid it must have conveyed presently an *equitable title,* and the complainant now contends that it gave him the right to insist upon a conveyance of the *legal* title, subject only to the dower right of defendant's wife. The contract, therefore, was in form adapted to operate as an equitable conveyance of the homestead, and to serve as a ground for specific performance.

The law as explicitly disallows the transfer of the equitable title by the husband without the concurrence of

the wife, as it does the legal title, (*Ring v. Burt, 17 Mich., 465*), and the agreement in question was utterly invalid as an alienation in equity of the homestead. The subject matter of the contract was not expectant, but was actually in being and present. The difficulty was that it was not alienable by the means employed. The invalidity of the contract in the *sense* and to *the extent* mentioned, has not only prevented it from operating as an equitable conveyance, or from attaching to the homestead; but has disabled it from operating as such a conveyance, and from attaching against property exempt when it was made. And no ground is discovered upon which a court of equity could mould such a contract into a binding obligation of the defendant to convey the very property to which the agreement has never attached. There is no occasion for dwelling upon the conduct of the parties since their differences commenced. They have been at variance since the default of complainant on the first of April, 1869, and each has acted upon his own theory of the business, and the propositions of neither have been acceded to by the other. The complainant has required more than the defendant would concede, and the defendant has offered less than the complainant would accept. These matters have no essential influence upon the contested points in the case.

The result upon this branch of the case is that the action is based upon the contract, and that the Court is not authorized to found upon that, a decree for a conveyance of the homestead.

The remaining inquiry is whether the record discloses a case in which the Court ought to require the defendant to convey what he can, by deed executed by himself alone, and compel him to make compensation for deficiency.

There are certain principles which govern the Court in administering this equity.

In proceeding to give a purchaser something different from that which the vendor contracted to sell, the Court

is enforcing a contract which the parties never in fact made, and the jurisdiction is therefore to be exercised under many restrictions.

It has accordingly been settled that the contract will not be enforced with compensation when a material part of the subject matter is wanting.—*Fry on Spec. Perf.* §§ *305, 797.*—Nor when a reasonable estimate of the compensation is unattainable for the want of sufficient data.—*Id.* §§ *813, 814;* nor when the difference in value of the interest contracted for, and the interest actually to be conveyed is incapable of computation, *id.* § *303;* nor when the alienation of the partial interest of the vendor might prejudice the rights of third persons interested in the estate, *id. 304.*

The farm in question in this case contains a little over 92 acres, and is valued by complainant at a trifle over $6,340, and by the defendant at about $4,600. To give relief on the principle of compensation as contended for, would exempt from the conveyance the homestead right of the value of $1,500, and embracing the dwelling house, and and would leave the balance of the premises subject to the contingent right of dower of defendant's wife.

This would necessarily exclude from the conveyance a very material part of the subject matter of the contract, and almost certainly result in great pecuniary injury to all parties interested. The adjustment of the compensation would be quite difficult in a case like this, and especially that part of it founded on the contingent dower right. That is quite different from the case where the right is consummate. The interest of defendant's wife would also be exposed to some detriment by partial alienation. These considerations taken together, inspire the opinion that the case is not one in which the Court ought to compel a conveyance with compensation. The case appears to be a hard one for complainant, and we should be glad to relieve him if circumstances permitted.

The decree below must be reversed, and one entered in

this Court dismissing the bill, but without prejudice to any proceeding at law the complainant may be advised to institute upon the bond for a deed mentioned in the pleadings.

The defendant will recover no costs.

The other Justices concurred.