## NEWTON PIERSON v. JAMES H. SPAULDING.

*Pleading—Recovery on common counts—Cannot be had for breach of contract for the sale of property to be partly paid for in land if contract fails to provide for money payment in default of conveyance of land—Recovery on part performance of special contract by plaintiff, confined to money due.*

1. Plaintiff contracted with defendant, in writing, to sell him a stock of hardware, tinners' tools, and store fixtures for four thousand five hundred dollars, three thousand dollars to be paid by the conveyance to plaintiff of a farm owned by the defendant described in the contract, and the balance in money, *all* on the completion of an inventory of the goods and other property. The basis of the inventory was not fixed in the contract, nor did it make any provision for a *cash* payment in default of defendant's conveying the land.

   The defendant refused to convey the land, and plaintiff sued in assumpsit, declaring on the common counts *alone*.

   *Held*, that the contract was a special one, not resting on a *money* price; that the fact that the land was to be conveyed for $3,000 of the inventory price did not indicate that the property inventoried or land was priced at its *cash* value; that a breach of the contract must be measured in damages by the *amount* of injury done, which would involve an inquiry into the *actual* and not the *nominal* value of the land, and that such damages were not recoverable under a common-count declaration.

2. The authorities which allow suit under the common counts for the amount due on a special contract performed on the plaintiff's part confine the recovery to *money* due. Special contracts, with this single exception, if relied on for recovery, must be counted upon specially.

Error to St. Joseph. (Pealer, J.)    Argued April 15, 1886. Decided April 22, 1886.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion, and in head-note 1.

*S. M. Constantine* and *Howard & Roos,* for appellant :

Plaintiff can recover, if at all, only under a special count, for a recovery is impossible without showing the contract, the inventory under it, the demand of the deed from defendant, and his refusal to execute same.

This Court has decided that a plaintiff cannot recover upon the common counts where it becomes necessary to show a contract and a breach of same : *Butterfield v. Seligman,* 17 Mich. 98 ; *Novelty Works v. Macalister,* 40 Id. 89 ; *Phippen v. Morehouse,* 50 Id. 539.

The proof does not show a purchase and sale, but rather a trade or barter, and suits upon such contracts require a special declaration : Benj. on Sales, 3, note. *e* ; *Mitchell v. Gile,* 12 N. H. 390 ; *Loomis v. Wainwright,* 21 Vt. 520.

*B. E. & L. F. Andrews,* and *Howell, Carr & Barnard,* for plaintiff :·

The plaintiff based his right to recover solely upon the fact that there was a sale and delivery of the property in question, and an acceptance thereof by the defendant, and offered the contract in evidence simply for the purpose of identifying the goods sold and delivered, and as tending to show their value by proof of the price the defendant agreed to pay for them. The contract was clearly admissible for the purpose stated : *McGraw v. Sturgeon,* 29 Mich. 427–31 ; *Shulters v. Searls,* 48 Id. 551 ; *Phippen v. Morehouse,* 50 Id. 537–9.

It was further urged that the contract is one of exchange, and not admissible under the common counts ; but this objection is not tenable, because the contract had been completed and fully performed by the plaintiff on his part, and nothing remained but payment of the purchase money by

defendant: *McGraw v. Sturgeon*, 29 Mich. 428; *Begole v. McKenzie*, 26 Id. 470–5; 1 Chitty's Pleading (14th ed.) p. 339, note 5; *Bank of Columbia v. Patterson's Admr.*, 7 Cranch (U. S.) 299; *C. & O. Canal Co. v. Knapp*, 9 Peters (U. S.) 541.

The defendant had broken the written contract on his part by deeding the land mentioned therein to another person, thus voluntarily putting it out of his power to perform the contract on his part. The fact of this conveyance to Arnold was admitted by the defendant on the trial at the outset, and at no time was it proposed by the defense to controvert the fact that the defendant had thus disabled himself from performing the contract on his part, nor did he at any time offer evidence to dispute this fact.

It is true that, under the contract, the defendant was to deed land in payment of part of the purchase price, but as he had put it out of his power to do so by transferring it to Arnold, the plaintiff became entitled to recover the value of the goods delivered under the common count for goods sold and delivered: 1 Chitty's Pleading (14th ed.) pp. 346–7; *Canada v. Canada*, 6 Cushing, 15; *Jackson Co. v. Hall*, 53 Ill. 440; *Clark v. Fairchild*, 22 Wend. 576; *Way v. Wakefield*, 7 Vermont, 228; *Hart v. Summers*, 38 Mich. 399–402; *Perkins v. Hart*, 11 Wheat. (U. S.) 237.

The bill of particulars sufficiently informs defendant of the cause of action to be relied on at the trial, and he could not be misled: *Davis v. Freeman*, 10 Mich. 188–192; *Mason v. School District*, 34 Id. 233; and there was no material variation between the bill of particulars and the proof: 1 Green's Practice (2d ed.) p. 513.

CAMPBELL, C. J. This is an action of *assumpsit* begun by attachment as upon a special contract, but with a declaration merely on the common counts. A bill of particulars was demanded and filed under the statute, which dates the contract as of June 17, 1885, and is:

" To the price and value of a stock of hardware, tinners' tools, and fixtures, sold and delivered by plaintiff to defendant at his request, - - $4,500
" To interest on the same, - - - - - 300

$4,800"

The attachment was sued out immediately after the al-

leged sale, and levied on the same property. Defendant pleaded the general issue, and also, by notice, that the alleged contract was a written contract, copied in the notice, and that plaintiff did not live up to his own agreement in several particulars set forth.

The agreement, dated May 25, 1885, was substantially as follows : Plaintiff was to sell to defendant his stock of hardware, tinners' tools, and store fixtures in his store at Three Rivers, reserving whatever it should inventory beyond $4,500, which excess plaintiff was to take in hardware. Defendant was to pay $4,500 as follows: Three thousand by conveyance of a specified farm of 63 acres, and the balance in cash —all to be done when the inventory should be completed. Plaintiff was to have one-fourth of the hay and corn then on the ground, and defendant three-fourths. The inventory was to be made and delivered on June 1, 1885, and deed and payment to be made the same day. Nothing was provided concerning the basis of the inventory, which could only be made, therefore, upon some agreed standard of prices.

There was a conflict concerning the fairness of the inventory, and concerning the custody of the goods. The inventory was not completed until several days after it should have been, and several matters of contention appear to have arisen. The defendant refused to perform, and did not convey the land. Shortly before the suit was begun, he conveyed it to another person.

In our view, this suit could not be based on the common counts. The contract was a special one, and did not rest on a money price. The fact that the land was to be conveyed for $3,000 of the inventory price does not indicate that the inventory or land were priced at their cash value. The sale was one in part for cash, and in part for a specific thing. A breach of the contract must be measured in damages by the amount of injury done, which would involve an inquiry into the actual and not the nominal value of the land. There was also to be deducted from the land three-fourths of the growing crops. There is no propriety in treating this as a sale on a money basis.

The authorities which allow suit under the common counts for what is due on a contract performed on the plaintiff's part confine the recovery to money due. It does not reach to anything else. Our own decisions cover the case, and therefore we shall not look elsewhere. Special contracts must be sued on specially, if relied on for recovery, with that single exception: *Begole v. McKenzie*, 26 Mich. 470–5, and notes ; *Butterfield v. Seligman*, 17 Mich. 98. See, also, 1 Chit. Pl. 298. In order to sustain the action here under the common counts by aid of the special contract, it should have involved a promise to pay money for the goods in default of the land. The contract is the only possible basis of recovery here, and it makes the land the only consideration for the greater part of the goods. (See note.)

There are some other objections which would be worth considering if this were not fundamental, but we so regard it on this record.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.

NOTE.—Where a plaintiff has delivered a portion of the articles agreed to be furnished to a defendant under a written contract at a price specified therein, and makes default in its further performance, he may recover the value of the articles so delivered under a common-count declaration, subject to recoupment by defendant of the damages sustained by reason of such non-performance.

In such a case proof of the contract and of the delivery of the articles charged for makes plaintiff's case, and the contract price of the articles so delivered must be regarded as their value until the contrary appears. *Gage v. Meyers*, 59 Mich. 300.

"An action will lie under the common counts for a sum agreed upon as due, if based upon a lawful consideration." *Miner v. O'Harrow*, 60 Mich. 91.