## PHILO J. HALL v. MARGARET A. LOOMIS.

*Specific performance—Incomplete contract for exchange of lands —Homestead.*

1. There is no *absolute* equity to *enforce* a contract not *mutually* complete.

   So *held*, where two land-owners contracted to *exchange* places, which agreement was reduced to writing, but it appeared from the testimony that one of them was to receive $500 as a *further* consideration for the exchange, which condition was *omitted* from the *written* contract.

2. A contract for the sale of land occupied as a homestead, not executed by the wife, is a *nullity*, so far as the homestead is concerned, and the fact that the *value* of the property exceeded the statutory limit will not render the contract enforcible as to the residue. *Phillips v. Stauch*, 20 Mich. 369.

Appeal from Jackson. (Gridley, J.) Argued November 10 and 11, 1886. Decided November 17, 1886.

Bill to enforce the specific performance of a land contract. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Byron Ashley* (*Blair, Wilson & Blair*, of counsel), for complainant:

The contract was clear and certain, deliberately made, and, no fraud being shown, the decree asked for should be granted as a matter of course: *Rogers v. Odell*, 36 Mich. 411; *Murphy v. Stever*, 47 Id. 522.

Failure to include in the contract the agreement to pay the "boot" money is immaterial. Both parties had a right to have it reformed in this respect, and complainant fulfilled by offering the $500: *Anderson v. Kennedy*, 51 Mich. 467.

*Melville McGee*, for defendant:

A contract cannot rest partly in writing and partly in parol, and parol evidence cannot be resorted to in aid of

the written agreement in a suit for its specific performance: *Parkhurst v. Van Cortlandt,* 1 Johns. Ch. 273; Pomeroy, Cont. 226, and note 3.

CAMPBELL, C. J.  Complainant filed a bill to obtain specific performance of a land contract.  Defendant opposes it both on formal and substantial grounds.

Among other objections, irrespective of hardship and the unconscionable nature of the bargain, are that the contract was not all in writing, and that it was made by complainant, for the transfer of his homestead, without his wife's signature.  There is also testimony indicating that Hall's property was greatly inferior in value to defendant's, and that he made some representations which were not warranted by the facts.  The contract was in these words:

"JACKSON, MICH., January 31, 1885.

"Memorandum of agreement between Philo J. Hall and Margaret A. Loomis, in manner following:  Said Hall hereby sells to Margaret A. Loomis the following property, to wit:  One acre of ground on the corner of High and Merriman streets, with the buildings thereon, and carpets in the dining-room and sitting-room, and stove in the office at the barn; also the wire screens in the doors and windows; and in consideration the said Margaret A. Loomis hereby sells to said Hall one hundred and twenty acres of land in the township of Henrietta, where said Margaret A. Loomis now lives.          [Signed]
                         "PHILO J. HALL
                         "M. A. LOOMIS,
                         "By GEO. L. LOOMIS."

On this was indorsed:

"Received on the within agreement one hundred dollars.
                         "M. A. LOOMIS,
                         "By GEO. L. LOOMIS."

This $100 was soon after tendered back.

This instrument is, upon its face, a complete agreement, in which the Hall property is recited as the consideration for the Loomis property.  But, as a matter of fact, she was to receive in addition $500.  The paper, therefore, is not the

contract they agreed upon; and had Mrs. Loomis, and not Mr. Hall, sought to enforce it, she could not have collected that money. It would have been a distinct change in the contract, inconsistent with its language. Had other things not stood in the way, it is possible Mr. Hall's offer in his bill to pay the $500 might have removed any want of equity in enforcing the contract as it stands. · But this we need not determine. It is very certain that there is no absolute equity to enforce a contract that is not mutually complete.[1]

A difficulty which cannot be got over is the existence of a homestead. Hall and his wife occupied this property as their home. It could not, while so occupied, be disposed of except by the joint action of husband and wife. The contract, so far as it covered a homestead, was a nullity. It could not be enforced at all. Mrs. Loomis was not obliged to convey her own land, except by this written contract. Any arrangement which Mrs. Hall might be willing to make would be a new and different contract, and none such has been entered into. Mrs. Loomis could not have enforced this, and was not bound by it.

The fact that the property contained more in value than a homestead, and that the contract may have been valid for the excess, will not avoid the difficulty. In *Phillips v. Stauch*, 20 Mich. 369, a similar question came up, and this Court refused to attempt any specific performance as to the residue, which complainant was willing to accept with compensation, because it was not the contract the parties made, and would require new arrangements not convenient for a court of equity to frame. Mrs. Loomis could not have enforced the contract as it stood, and could not be bound when Hall was not. The consideration was not based on a money valuation, and could not, therefore, be apportioned with any certainty.

---

[1] See *Wardell v. Williams*, 62 Mich. 50.

These difficulties are a sufficient defense, and we need not inquire into the questions of fraud or inequality.

The court below dismissed the bill without prejudice to proceedings at law. As defendant is satisfied with the decree, we need not modify it, and affirm it, with costs.

The other Justices concurred.