## WEBSTER *v.* WARNER.

HOMESTEAD—ALIENATION—SIGNATURE OF WIFE—LAND CONTRACT
—SPECIFIC PERFORMANCE.

119  461
e146  583
146  584

119  461
157  300

Complainant, by agreement with his mother and stepfather, took a deed of an undivided half of the homestead, which the latter owned, and, in consideration, assumed certain indebtedness outstanding against him, securing payment by a mortgage on the premises. At the same time a contract was executed whereby complainant, in consideration of his providing his parents with support during their lives, should receive at their death the other undivided half of the homestead. While the deed was properly executed, the contract was not signed by complainant's mother. *Held,* that the wife's signing the deed did not render the contract for a conveyance of an undivided half of the homestead valid without her signature, and that the contract, though fully performed by complainant, could not be specifically enforced against the heirs.

Appeal from Washtenaw; Kinne, J. Submitted January 25, 1899. Decided March 6, 1899.

Bill by William I. Webster against Sarah A. Warner and others for the specific performance of a land contract. From a decree for complainant, defendants appeal. Reversed.

*Randall & Jones,* for complainant.

*E. B. Norris,* for defendants.

HOOKER, J. In 1877, James Waugh and wife resided on a 40-acre farm, worth about $1,500, owned by the former. His stepson, the complainant, in response to a letter requesting it, had come from Ingham county, where he resided, to the home of Waugh, and the parties named had agreed upon an arrangement by which Webster was to

receive a deed of the undivided one-half of the 40 acres, and to give back to James Waugh a mortgage thereon, to secure the payment by Webster of certain outstanding indebtedness against James Waugh. A written contract was to be made, covering the other undivided half of the farm, by which Webster was to agree to manage and work the same, and to give the crop to Waugh and his wife, and the survivor of them, during life, to pay taxes, and keep the place in repair; and, at the death of the survivor, Webster was to receive from the "heirs, executors, and administrators" of Waugh a deed conveying an unincumbered title in fee simple. Accordingly, on the 27th day of August, the deed and mortgage were made and executed, and a land contract in accordance with the above arrangement was made and signed by Waugh, but not by his wife, though she was mentioned as a party therein. She executed the deed. Webster entered upon the premises, and·occupied the same with Waugh and his wife, and faithfully performed his contract. Waugh died some time before his wife. Both being dead, Webster filed the bill in this cause against the heirs of Waugh, to compel specific performance of the contract. The defendants raise the point that the contract was void, because not signed by Waugh's wife, the place being a homestead at the time the contract was made. In the circuit court the relief prayed was granted, and the defendants have appealed.

The principal question in the case grows out of 2 How. Stat. § 7722, and Const. Mich. art. 16, § 2. These have been before the court in many cases, and it has been uniformly held that a husband is powerless to convey a valid title to any interest in a homestead, without the signature of his wife, and that instruments made by the husband which, but for these provisions, would be valid, are absolutely void. *Phillips* v. *Stauch*, 20 Mich. 369; *Hall* v. *Loomis*, 63 Mich. 709; *Engle* v. *White*, 104 Mich. 15; *Gadsby* v. *Monroe*, 115 Mich. 282. The case of *Ring* v. *Burt*, 17 Mich. 465 (97 Am. Dec. 200), applies the rule to a case where a husband made a verbal

contract by which he agreed that his homestead should be conveyed to another in consideration of the support of himself and wife, notwithstanding the fact that she assented to the contract, and participated in the enjoyment of the consideration until the death of her husband, when she refused support and claimed the land. Counsel for complainant cite the case of *Whitmore* v. *Hay*, 85 Wis. 240 (39 Am. St. Rep. 838), as an authority warranting the relief prayed for; but we think our own decisions must rule the case. See *Gadsby* v. *Monroe*, *supra;* *Showers* v. *Robinson*, 43 Mich. 502, 512; *Robinson* v. *Baker*, 47 Mich. 622; *Riggs* v. *Sterling*, 60 Mich. 652 (1 Am. St. Rep. 554). The strong equities in this case induce regret that we cannot give the complainant the relief prayed. We have no doubt that Mrs. Waugh, who was complainant's mother, supposed that the contract was valid, but it was clearly void; not only as to the wife, but the husband as well, and even as to the heirs, as was held in *Sherrid* v. *Southwick*, 43 Mich. 519.

The court below held that the agreement was one transaction, and that Mrs. Waugh's signature to the deed was a sufficient compliance with section 7722. We cannot concur in this view. We are constrained to reverse the decree, and dismiss the bill, with costs of both courts. A decree will be entered in conformity to this opinion.

The other Justices concurred.