## LAWRENCE v. VINKEMULDER.

HOMESTEAD—CONTRACT TO CONVEY.

A contract to convey the defendant's homestead, not executed by his wife, is held by an equal division of the court to be invalid to create right of action for damages. Const. of 1850, Art. 16, § 2. MCALVAY, GRANT, MONTGOMERY, and BROOKE, JJ., dissenting.

Error to Kent; Perkins, J. Submitted October 12, 1908. (Docket No. 35.) Decided July 6, 1909.

Assumpsit by Wilbur E. Lawrence against Henry J. Vinkemulder for breach of a land contract. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed by an equally divided court.

*McKnight & McAllister*, for appellant.

*Smedley & Corwin*, for appellee.

McALVAY, J.   Plaintiff brought suit against defendant to recover damages arising on account of defendant's failure to perform an agreement in writing to sell and convey to him a certain house and lot situated in the city of Grand Rapids.   The facts in the case are not in dispute.   The value of the property appears to be from $8,000 to $9,000.   The price plaintiff agreed to pay was $7,500.   He has performed in all respects on his part, and made tender of the final payment.   Defendant agreed, upon performance by plaintiff, to surrender possession and convey the premises to him by a good and sufficient conveyance in fee simple, free and clear from all liens and incumbrances.   This he refused to do, on the ground that the premises were his homestead, and the contract was not signed by his wife, and that she refused to join in a deed.   That this was his homestead is not disputed, and there is no claim that the contract was entered into through fraud.   At the trial, after the proofs were closed, defendant requested the court to instruct a verdict in his favor.   This motion was granted; the court holding that plaintiff could not recover damages on account of failure and refusal to perform this contract on the part of defendant.   Plaintiff has assigned error upon such action of the court, and asks us to reverse the judgment entered upon such instructed verdict.

It is agreed that the case presents but one question: Can damages in an action at law be recovered against one who has agreed in writing to sell and convey certain real estate by warranty deed, at a future time, for his refusal to perform on the ground that the property was his homestead, and that the agreement was not signed by his wife? The defense relies upon the prohibition of section 2, article 16, of our State Constitution,[1] and the decisions of this court, which it is claimed hold that such an agreement is

---

[1] See Constitution of 1908, Art. 14, § 2.

absolutely void for all purposes. The constitutional provision is as follows:

"Every homestead of not exceeding forty acres of land * * * or instead thereof, at the option of the owner, any lot in any city, village or recorded town plat, or such parts of lots as shall be equal thereto, and the dwelling house thereon and its appurtenances, owned and occupied by any resident of the State, not exceeding in value fifteen hundred dollars, shall be exempt. * * * Such exemptions shall not extend to any mortgage thereon, lawfully obtained, but such mortgage, or other alienation of such land by the owner thereof, if a married man, shall not be valid without the signature of the wife of the same."

An examination of the case of *Dikeman* v. *Arnold*, 78 Mich. 455 (44 N. W. 407), shows that the question has been once before considered by this court. That case was twice before the court. It is first reported in 71 Mich. 656 (40 N. W. 42). This action at law was brought to recover damages for a refusal to convey lands, including a homestead, under a written agreement not signed by the wife. From the original record in the case, reported in 78 Mich. 455 (44 N. W. 407), it appears that the defense was the same as in the case at bar. In that case other lands were included in the agreement. The parties agreed to make an exchange of properties on certain terms. The principal disputed question of fact was whether defendant had received and accepted a certain deed of premises which plaintiff Dikeman agreed to furnish as part of the transaction. If this deed had been delivered and accepted, then the question whether the contract on Arnold's part was a valid one was the question of vital importance. Claiming that this contract was void, defendant assigned error upon the following portion of the charge of the court:

"The contract offered in evidence by which it is claimed that the defendant agreed to convey his property to the plaintiffs was perfectly valid, without the signature of his wife."

Also to this:

"It is not the duty of the plaintiffs to obtain the consent of Mrs. Arnold to the contract in question. If the defendant accepted the deed, and made this contract, not knowing whether his wife would sign or not, he was bound by such acceptance."

This was argued at length in defendant's brief, in which it was stated:

"The theory of the plaintiffs is that this contract was valid and binding on Arnold, and that he failed to perform it, and that they are therefore entitled to recover for such breach, even though Mrs. Arnold did not sign it."

The court was requested to direct a verdict for defendant upon this ground. In the opinion (when the case was last before the court) it was said:

"The defendant requested the court to instruct the jury that this suit was to recover the purchase price of the land, and not for damages for not deeding, and that the fact that Arnold had made the written contract and refused to carry it out would not sustain this action. This was not given as requested. * * *. We think the court committed no error in this regard. He fairly put the issue to the jury upon the question whether or not the plaintiffs' deed was delivered to, and accepted by, the defendant on the 16th of June. If the jury found that it was not accepted, the case was ended, and the contract cut no figure in it. If they found the deed was accepted, then the fact that Arnold had made this contract and refused to carry it out was material and important in the case."

The opinion then discusses the question of damages, and refers to the amendment of the declaration to conform with the ruling of the trial court on the first trial according to defendant's theory of damages. Then the court proceeds:

"It is now strenuously insisted that the plaintiffs cannot recover in this action as now entered as to damages, because the contracts of the 11th and 16th of June are absolutely void, for the reason that part of the premises mentioned in said contracts is the homestead, and that

the same could not be deeded or contracted away without the signature of Mrs. Arnold."

The court then discussed further as to damages, and the rule in *Pierson* v. *Spaulding*, 61 Mich. 90 (27 N. W. 865), applied to the case on its first hearing, was adhered to.

Coming back to defendant's claim that the contracts were absolutely void, the court said that Arnold's contracts could not be considered absolutely void; that they must be held good to the extent of lands not embraced in the homestead (citing Michigan cases), and then proceeding:

"In *Phillips* v. *Stauch*, 20 Mich. 369, where a specific performance was denied in a case where a portion of the premises was a homestead, and the wife did not join in the bond for a deed given by the husband, the bill was dismissed without prejudice to any proceeding at law which the complainant might 'be advised to institute upon the bond for a deed mentioned in the pleadings.' See pages 381, 384. This, in view of the reasoning of the opinion in the case, is an intimation that the complainant could sue upon the bond at law for damages. We think the contract was good as between Arnold and the plaintiffs. He knew when he made it that he could not perform it without the signature of his wife to the deed. He, in effect, bound himself to procure such signature. It in no wise differs in this respect from a contract to sell lands which one does not own at the time he makes such contract. The fact that one did not have the legal title at the time he made the contract, and could not procure it afterwards, has never been recognized as a legal defense to an action for breach of the contract. The rule of damages was the proper one under the declaration in this case and the theory of the plaintiffs."

Considerable time has been devoted to the consideration of the above case because of the claim that the question in the case at bar has never been before the court.

Not only in *Phillips* v. *Stauch*, referred to in the above opinion, but also in *Hall* v. *Loomis*, 63 Mich. 711 (30 N. W. 374), was the bill of complaint dismissed without prejudice to proceedings at law. In both cases the bills

were filed to enforce specific performance of the contracts. It is well settled in this State that such contracts will not be specifically enforced. The numerous Michigan cases cited and relied upon by defendant are all cases brought to enforce specific performance. As there is no dispute as to what question of law was involved in those cases, it will be unnecessary to give the citations. The statements of the court in these cases that such contracts were "wholly invalid," "a nullity," "absolutely void," etc., must be considered as made with reference to the question involved, and, when applied to the question now under discussion, or any other questions, are mere dicta.

In the case at bar no divestiture of title to a homestead is sought by enforcement in chancery or otherwise. The prohibition of the Constitution does not make the sale of a homestead by both husband and wife invalid, nor an agreement signed by both to sell the same. Nor is a husband or wife prohibited from soliciting the other to sell. If he makes an agreement to sell and convey in the future, and is unable to perform, the law protects the wife and family in the homestead, but in *Dikeman* v. *Arnold, supra*, this court has held that an action for damages sustained will lie against the husband for breach of his contract. In Iowa, Minnesota, Kansas, Nebraska, and North Dakota a contrary rule prevails. The Texas courts are in harmony with Michigan. *Dikeman* v. *Arnold, supra*, has never been overruled by this court. It is therefore controlling in this case. The circuit court was in error in instructing a verdict for defendant.

The judgment should be reversed, and a new trial ordered.

GRANT, MONTGOMERY, and BROOKE, JJ., concurred with McALVAY, J.

BLAIR, C. J. This case presents the single question whether the vendee in a land contract not signed by the vendor's wife, for the purchase and sale of a house and

lot, valued at from $8,000 to $9,000, constituting their homestead, may maintain an action at law for damages against the vendor for failure to carry out his contract. This court has uniformly held that a contract to convey the homestead is not merely voidable, but void. *Phillips* v. *Stauch*, 20 Mich. 369; *Hall* v. *Loomis*, 63 Mich. 709 (30 N. W. 374); *Engle* v. *White*, 104 Mich. 15 (62 N. W. 154); *Gadsby* v. *Monroe*, 115 Mich. 282 (73 N. W. 367); *Rogers* v. *Day*, 115 Mich. 664 (74 N. W. 190, 69 Am. St. Rep. 593); *Webster* v. *Warner*, 119 Mich. 461 (78 N. W. 552); *H. Stern, Jr., & Bros. Co.* v. *Wing*, 135 Mich. 331 (97 N. W. 791); *Lott* v. *Lott*, 146 Mich. 580, (109 N. W. 1126, 8 L. R. A. [N. S.] 748).

It being settled that a contract to sell and convey the homestead, signed by the husband only, is a mere nullity, it logically follows that no rights whatever can be predicated upon it. *Ex nihilo nihil.* To this effect is the overwhelming weight of authority. 15 Am. & Eng. Enc. Law (2d Ed.), p. 670; *Lichty* v. *Beale*, 75 Neb. 770 (106 N. W. 1018); *Weitzner* v. *Thingstad*, 55 Minn. 244 (56 N. W. 817); *Barnett* v. *Mendenhall*, 42 Iowa, 296; *Cowgell* v. *Warrington*, 66 Iowa, 666 (24 N. W. 266); *Thimes* v. *Stumpff*, 33 Kan. 53 (5 Pac. 431); *Hodges* v. *Farnham*, 49 Kan. 777 (31 Pac. 606); *Silander* v. *Gronna*, 15 N. Dak. 552 (108 N. W. 544); *Mundy* v. *Shellaberger*, 153 Fed. 219.

The case of *Dikeman* v. *Arnold*, 78 Mich. 456 (44 N. W. 407), is not inconsistent with this conclusion. That case differs from this in that the contract covered lands not embraced within the homestead. Mr. Justice MORSE, in the course of the opinion, said:

"But the contract was not void as far as the land was concerned not embraced within the homestead; and, if he had deeded in conformity with it, such deed would have conveyed his title to the excess over and above the homestead. *Stevenson* v. *Jackson*, 40 Mich. 702; *Dye* v. *Mann*, 10 Mich. 291; *Wallace* v. *Harris*, 32 Mich. 380; *Shoemaker* v. *Collins*, 49 Mich. 595, 597 (14 N. W. 559).

In *Phillips* v. *Stauch*, 20 Mich. 369, where a specific performance was denied in a case where a portion of the premises was a·homestead, and the wife did not join in the bond for a deed given ·by the husband, the bill was dismissed without prejudice to any proceeding at law which the complainant might 'be advised to institute upon the bond for a deed mentioned in the pleadings.' See pages 381, 384. This, in view of the reasoning of the opinion in the case, is an intimation that the complainant could sue upon the bond at law for damages. We think the contract was good between Arnold and the plaintiffs. He knew when he made it that he could not perform it without the signature of his wife to the deed. He, in effect, bound himself to procure such signature. It in nowise differs in this respect from a contract to sell lands which one does not own at the time he makes such contract. The fact that one did not have the legal title at the time he made the contract, and could not procure it afterwards, has never been recognized as a legal defense to an action for breach of the contract."

Clearly, what was meant in saying that "the contract was good between Arnold and the plaintiffs" was that it was good as to the excess, just as it had been said that a deed "would have conveyed his title to the excess over and above the homestead." See *Sammon* v. *Wood*, 107 Mich. 506 (65 N. W. 529). This is no different than the rule which prevails in equity in this State. *Engle* v. *White, supra; Lott* v. *Lott, supra.*

The judgment is affirmed.

OSTRANDER, HOOKER, and MOORE, JJ., concurred with BLAIR, C. J.