BURNETT v. MITCHELL et ux.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 25, 1913. On Rehearing, March 1, 1913. Writ of Error Denied by Supreme Court May 28, 1913.)

1. SPECIFIC PERFORMANCE (§§ 5, 102*) — NATURE OF REMEDY.

The remedy of specific performance of contracts is purely equitable given as a substitute for the legal remedy of compensation whenever it is inadequate or impracticable.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 5–8, 318, 319; Dec. Dig. §§ 5, 102.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**2. SPECIFIC PERFORMANCE (§ 10*)—RIGHT TO PERFORMANCE—PERFORMANCE IN PART.**

While ordinarily specific performance of a contract for the conveyance of land will be granted, it will generally be refused where the court can grant specific performance as to only part of the land agreed to be conveyed.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 20–25, 50; Dec. Dig. § 10.*]

**3. SPECIFIC PERFORMANCE (§ 10*) — CONVEYANCE—CONTRACTS—VALIDITY.**

Under Rev. Civ. St. 1911, art. 1115, providing that a homestead shall not be sold or conveyed without the consent of the owner's wife, a contract for the conveyance of a homestead cannot be specifically enforced unless the wife joined.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 20–25, ·50; Dec. Dig. § 10.*]

**4. SPECIFIC PERFORMANCE (§ 10*)—RIGHT TO —PARTIAL PERFORMANCE.**

Where a contract for the sale of land included the vendor's homestead, though his wife was not a party, specific performance will not be granted as to the land not a part of the homestead where the plaintiff did not offer to accept a conveyance of it in compliance with the contract, for, to grant specific performance of part of the land, leaving plaintiff a right of action for damages, would be making a new contract for the parties.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 20–25, 50; Dec. Dig. § 10.*]

### On Rehearing.

**5. COSTS (§ 238*)—COSTS OF APPEAL—PRESENTATION OF GROUNDS OF REVIEW BELOW.**

In an action for specific performance, where the decree erroneously failed to require the vendor to return the purchaser a deposit, costs of the appeal will not be allowed the purchaser who was unsuccessful below, where the motion for new trial did not call that error to the attention of the lower court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 908–919; Dec. Dig. § 238.*]

Appeal from District Court, Knox County; Jo. A. P. Dickson, Judge.

Action by S. B. Burnett against J. J. Mitchell and wife. From a judgment for defendants, plaintiff appeals. Modified and affirmed.

Montgomery & Britain, of Wichita Falls, Jos. A. Stephens, of Big Springs, and J. S. Kendall, of Munday, for appellant. Carrigan & Householder and Mathis & Kay, all of Wichita Falls, D. J. Brookreson, and J. H. Milam, both of Benjamin, for appellees.

SPEER, J. This is an action by S. B. Burnett against J. J. Mitchell and wife seeking a decree for specific performance of a contract to convey certain lands in Knox county. The case was submitted to a jury on special issues, and, from a judgment in favor of defendants, the plaintiff has appealed.

The contract whereby appellee J. J. Mitchell bound himself to convey to appellant the lands in controversy was not signed by Mrs. Mitchell and embraced lands occupied and claimed by the Mitchells as their homestead.

This contract did not fix the price of the various tracts or any of them as to that, but stipulated for a reference to persons named whose appraisement would be accepted as the price which Burnett was to pay and Mitchell to accept. The individuals agreed upon as appraisers examined the land and fixed a price which was not satisfactory to Mitchell. In his answer it was alleged that these appraisers had not acted impartially but had been unduly influenced by the improper conduct of appellant in "entertaining and treating" them, and that their appraisement was therefore at a sum much less than the real values of the land, and appellees' principal defense was that such contracts could not and should not be specifically enforced. The jury found that the price fixed for the lands was not their fair market value but that the appraisers were unconsciously influenced to act partially in the matter, and the verdict named a sum as the fair market value of the lands in excess of that named by the appraisers. They also found the homestead of 200 acres to be worth $12.50 per acre, which is very much in excess of the valuations placed on the remainder of the land. There was an issue of estoppel pleaded and submitted to the jury, but we consider it to be immaterial to the disposition we make of the case.

[1] A point which cannot be got over and which in our judgment is decisive in favor of an affirmance of the case is this: Appellant's petition discloses that the contract between himself and appellee J. J. Mitchell is not enforceable as a whole because it embraces the homestead of Mitchell and his wife, and the petition in no manner alleges such a state of facts as to make it a fraud or even inequitable not to decree a specific performance of all the lands, less the homestead, with appropriate abatement of the purchase price. The remedy of specific performance of contracts is purely equitable, given as a substitute for the legal remedy of compensation whenever the legal remedy is inadequate or impracticable. 3 Pom. Eq. Juris. § 1401.

[2, 3] Ordinarily where land is the subject-matter of the agreement, the inadequacy of the legal remedy is well settled; and, when the contract and its incidents are entirely unobjectionable (that is, when it possesses none of the features which call in action the discretion of the court), it is as much a matter of course for a court of equity to decree its specific performance as it is for a court of law to give damages for its breach. It is equally well settled, in truth elementary in principle, that ordinarily, unless a court can decree specific performance of the whole of a contract, it will not interfere to enforce any part of it. Young Lock Nut Co. v. Brownley Mfg. Co. (N. J. Ch.) 34 Atl. 947. Undoubtedly a court is not wanting in power

to enforce specific performance in part only as against a defendant who is unable to perform in whole, but the circumstances and exigencies must be such as to demand such course so as to prevent a greater wrong than would follow the court's refusal. The present contract, in so far as it embraces the homestead of appellees, cannot be specifically enforced. Revised Statutes 1911, art. 1115. This would be true even though the wife herself had signed the contract to convey. Cross v. Everets, 28 Tex. 523; Jones v. Goff, 63 Tex. 248.

[4] Appellant recognizes the impossibility of having a specific performance as to all the land and offers in his petition to do equity with respect to the homestead. It is worthy of note in this connection, however, that he does not offer unconditionally to accept from appellee J. J. Mitchell a conveyance of the lands other than the homestead as a full compliance with the contract. If he had we might be confronted with altogether a different case from what we are now considering. There is practically no disagreement among the authorities and cannot be any question in this state that the contract cannot be enforced as we find it. And just here arises the obstacle to enforcing it in any respect at all. It is that it would entail upon the court the duty of making and enforcing for the parties a contract which they themselves have never made. By way of argument the Supreme Court of Iowa in Townsend v. Blanchard, 117 Iowa, 36, 90 N. W. 519, say: "Under the Code of 1873 we have almost uniformly held that a contract to sell a tract of land from which a homestead might have been selected, made by the husband alone, was void, not only as to the homestead which might be selected, but also as to the entire tract." In Hall v. Loomis, 63 Mich. 709, 30 N. W. 374, an action for specific performance of a contract to convey land, including a homestead, the Supreme Court of Michigan say: "Hall and his wife occupied this property as their home. It could not, while so occupied, be disposed of except by the joint action of husband and wife. The contract, so far as it covered the homestead, was a nullity. It could not be enforced at all. Mrs. Loomis was not obliged to convey her own land except by this written contract. Any arrangement which Mrs. Hall might be willing to make would be a new and different contract, and none such has been entered into. Mrs. Loomis could not have enforced this and was not bound by it. The fact that the property contained more in value than the homestead, and that the contract may have been valid for the excess, will not avoid the difficulty. In Phillips v. Stauch, 20 Mich, 369, a similar question came up, and this court refused to attempt any specific performance as to the residue which complain-

ant was willing to accept with compensation, because it was not the contract the parties made and would require new arrangements not convenient for a court of equity to frame." As already indicated, we have no doubt in a proper case a court of equity would have the power, and would not hesitate to exercise it, to enforce specifically, even in part, a contract which in some respects is by reason of some law or otherwise unenforceable. Cases wherein contracts in violation of the statute of frauds are daily enforced furnish abundant illustrations. It is permitted that greater fraud and injustice be not allowed. So also and for precisely the same reasons we apprehend a specific performance in part of a contract like the one under consideration might be enforced if the complainant showed such equity as to demand such relief. The case of Teske v. Dittberner, 70 Neb. 544, 98 N. W. 57, 113 Am. St. Rep. 802, illustrates the principle and reasoning back of the line of decisions holding that it may. There it was held in effect that performance of services by one under an agreement by another to make a devise to him when of such a character that the value cannot be pecuniarily estimated and the court cannot restore the promisee to the situation held by him when the agreement was made, nor compensate him in damages, is sufficient to require the court specifically to enforce the agreement in so far as it embraced land not homestead in character. It may be remarked further concerning this case that the complainant was willing to accept such a performance as one in full.

For the reason that appellant's petition and the undisputed facts show a case which cannot be specifically enforced as a whole because of the inclusion in the contract of an agreement to convey the homestead, and do not show a case where, by reason of partial performance or other equities, it would be a fraud or even unjust not to enforce the contract otherwise than according to its exact terms, the judgment of the district court in favor of the appellees will be affirmed.

## On Rehearing.

[5] Appellant has called our attention to the fact that under the pleadings the trial court should have rendered judgment in his favor for the $100 paid to appellee J. J. Mitchell on contract. We think this contention must be sustained, and the judgment is therefore reformed in this particular and judgment here entered in favor of appellant against appellee J. J. Mitchell for that sum. In all other respects the motion for rehearing is overruled. The costs of appeal, however, will stand, as heretofore adjudged, against appellant, since the matter here corrected was not called to the attention of the trial court in the motion for new trial.