GARDNER *v.* GARDNER.

1. HOMESTEAD—TITLE—ORAL CONTRACT TO PURCHASE.
   The homestead right may attach to property occupied and improved by husband and wife under an oral agreement to purchase.

2. SAME—ABANDONMENT.
   Removal from the homestead, and absence of two years, without intent to abandon it, do not bar the right.

3. SAME—SURRENDER BY HUSBAND—RIGHTS OF WIFE.
   The homestead right of the wife is not lost by the husband's deserting her, or by his surrendering, without her consent, the contract of purchase under which they hold.

Appeal from Ingham; Person, J.   Submitted April 6, 1900.   Decided April 24, 1900.

Bill by Orinda Gardner against James B. Gardner, William S. Holmes, and another, to establish a homestead in certain land.   From a decree for complainant, defendants appeal.   Affirmed.

*Lawton T. Hemans*, for complainant.

*L. B. Gardner*, for defendants.

MONTGOMERY, C. J.   This is a bill filed by complainant to establish a homestead in 10 acres of land.   In 1887 or 1888 defendant James B. Gardner held 20 acres of land on contract.   He entered into an oral agreement with his son Charles Gardner, the complainant's husband, to sell him 10 acres of this 20 at the price of $337.50, to be paid at the convenience of Charles Gardner.   Charles and the complainant occupied the 10 acres as their homestead under this parol contract of purchase until August 1, 1891, when a written contract was signed by James B. Gardner to take the place of the verbal one.   In this contract, receipt

of payment of $200 is acknowledged, and the payments since made leave but $75 unpaid. Charles Gardner during his occupancy made certain improvements. In August, 1891, complainant and her husband removed to Lansing, where the husband was employed as a salesman of musical instruments. The record shows that Charles Gardner became involved, that the defendant James B. Gardner became surety for him, that Charles undertook to surrender the contract to his father, and that in 1893 the defendant James B. Gardner conveyed the 10 acres to defendant Holmes in payment of a liability incurred through the default of Charles. Both the surrender of the contract and the conveyance to Holmes were without complainant's assent. Complainant in 1893 returned to occupy the homestead. The circuit judge found for complainant, and defendants appeal.

We have no doubt that the homestead right attached to this property. *Lamb* v. *Hinman*, 46 Mich. 112 (8 N. W. 709). The question of whether there was an intention to abandon the homestead was one of fact, and this the circuit judge determined in favor of complainant. We are satisfied that he reached the correct conclusion. *Kaeding* v. *Joachimsthal*, 98 Mich. 78 (56 N. W. 1101). The fact that complainant's husband had deserted her does not bar complainant's rights. *Rogers* v. *Day*, 115 Mich. 664 (74 N. W. 190, 69 Am. St. Rep. 593). Nor could the surrender or conveyance by the husband have that effect. *Id.*

It is claimed that the defendant Holmes is entitled to protection as an innocent purchaser. We think the evidence justifies the inference that he had notice of such facts as put him on inquiry as to the complainant's rights.

The decree will be affirmed.

The other Justices concurred.