## HALL *v.* MARSHALL.

1. HOMESTEAD—WIDOW—MORTGAGES—SECRET MARRIAGE.
   Where the wife of a mortgagor, who was secretly married, and did not join in the mortgage, had not lived on the mortgaged property prior to the execution of the mortgage, she was not entitled to homestead therein as against the mortgagee, who was ignorant of her marriage.

2. MORTGAGES — EXECUTION — WIFE — FAILURE TO JOIN — SECRET MARRIAGE—DOWER.
   Where a mortgagor's marriage to defendant was concealed without fraudulent purpose, and defendant did not join in the mortgage, such concealment was not a fraud on the mortgagee, so as to deprive defendant of her dower in the mortgaged premises.

3. SAME—SUBROGATION.
   Where at the time a mortgage was executed by deceased he had contracted a secret marriage with defendant, who did not join in the mortgage, but the proceeds of the loan were used in part to take up two existing valid mortgages, the mortgagee therein was subrogated to the liens of the former mortgages, defendant was entitled to dower in the surplus arising after payment of the amount covered by such prior mortgages and the remainder of the fund belonged to the mortgagee.

Cross-appeals from Wayne; Hosmer, J. Submitted January 19, 1905. (Docket No. 90.) Decided February 27, 1905.

Bill by Theodore P. Hall against Kate L. Marshall and others to determine the lien of certain mortgages and for their foreclosure. From the decree rendered, complainant and defendant Kate L. Marshall appeal. Affirmed.

*Gray & Gray*, for complainant.

*Julian G. Dickinson*, for defendant.

MONTGOMERY, J.    William S. Marshall died intestate April 7, 1903.    At this date he was the owner of a house and lot in the city of Detroit worth $5,500, subject to the lien of complainant's mortgage, which is the subject-matter of this proceeding.

In March, 1882, Mr. Marshall, his wife, Elizabeth, joining, gave to complainant a mortgage for $1,700, covering the house and lot referred to.    On April 1, 1885, an additional mortgage was given for $300.    On November 10, 1885, the amount due on these mortgages, viz., $2,091.50, was covered by a new mortgage for $4,500, the complainant advancing an additional sum of $2,408.50.    Mrs. Marshall having died in 1884, the two last-named mortgages were executed by Marshall alone, he being to all appearances a widower.    He, in fact, was a single man at the date of the $300 mortgage, but complainant ascertained for the first time after Mr. Marshall's decease that he had been married to defendant in September, 1885.

Defendant claiming the premises as a homestead, this bill was filed to have complainant's lien determined, and for a foreclosure and sale.    It was alleged in the bill that in any view of the case, if the mortgage of November 10, 1885, should be held void, the two previous mortgages should be treated as subsisting liens, a proposition so plainly equitable that it appears not to be seriously contested.

The circuit judge decreed a sale, and directed the surplus, over and above the amount due by the terms of the first two mortgages, to be brought into court, that the rights of the contesting parties to the fund be determined. This order was carried into effect, and a surplus fund of $2,032.80 was paid into the hands of the register.    The final decree determined that the defendant was entitled to dower rights in this surplus, and awarded her the sum of $506.25 on this account, but denied her claim that the premises were at the date of the mortgage a homestead, and awarded the remainder of the fund to complainant. Both parties appeal.

The complainant contends that defendant acquired no dower rights by her marriage, and defendant, on the other hand, contends that she not only acquired dower rights but homestead rights as well, and that, as a consequence, the mortgage of November 10, 1885, should be held void. Defendant further contends that, if this is not held, it should be held that her dower rights attached to the entire property, and is not limited to the surplus arising after satisfying existing incumbrances.

The most important question presented is whether at the date of the execution of the $4,500 mortgage the defendant had, as against one accepting in good faith a conveyance or mortgage from her husband, acquired a homestead right in the premises. The evidence is that she had not at the date of this mortgage lived upon the premises. She had never seen them at this time, and did not see them for years afterwards. She continued to reside in Ohio, and for years bore her maiden name. During all the years prior to Mr. Marshall's death she never visited Detroit but once. This was in June, 1887. On this occasion she stopped at a hotel, but she went with her husband to the house in question, remained for about an hour, during which time the subject of a legal separation or divorce was discussed. She testifies that she then declared to her husband that she intended to remain in the house, but yielded to persuasion and left, returning to her home in Cincinnati. We think these facts bring this case clearly within the holdings in *Stanton* v. *Hitchcock*, 64 Mich. 316, and *Black* v. *Singley* 91 Mich. 50. The defendant had not, before the date of the mortgage, so occupied these premises as to entitle her to claim homestead rights as against one who was ignorant of her marriage.

The complainant contends that defendant was not entitled to dower, and bases this contention on the claim that the concealment of her marriage operated as a fraud upon the complainant. We do not discover any evidence of a

fraudulent purpose, and think the circuit judge correctly held her entitled to dower.

The only question remaining is whether the circuit judge erred in limiting her claim to dower to the surplus over and above the reinstated mortgages. Under the provisions of sections 8920 and 8922, 3 Comp. Laws, it is clear that, had the two first mortgages continued to be subsisting liens, the defendant would be entitled on foreclosure to dower in the surplus arising on a sale on foreclosure only. By the decree of the circuit judge, which we fully approve, these mortgages were reinstated, and we see no reason why the natural and equitable sequence should not be that the dower right acquired by the defendant is that, and that only, which she would have been able to assert had they never been discharged.

The decree will stand affirmed, without costs to either party.

McALVAY, GRANT, BLAIR, and OSTRANDER, JJ., concurred.