## In Re. GILLETTE ESTATE.

GILLETTE, Respondent, v. McLAUGHLIN, Executor, Appellant.

(180 N. W. 952.)

(File No. 4724 and 47.25. Opinion filed January 7, 1921. Rehearing denied March 25, 1921.)

1. **Homestead—Wife and Children's Removal from Home for Husband's Cruelty Animo Rivertendi, Separate Maintenance Suit, Allowance Re Insufficient For Support, Subsequent Removal from State, Husband Remaining Home—Whether Homestead Abandoned by Wife—Widow's Right to Allowance of Homestead.**

Where a wife, deeming it unsafe for her and the children to longer live with her husband because of his cruelty, removed with her children to a town within the state, suit for separate maintenance having followed resulting in an annual allowance insufficient to support herself and family, and she, to better support and educate the children, removed to a city in an adjoining state, where she kept roomers and boarders, her children attending school and by work earning what money they could, husband remaining on the farm for several years, after which he leased it, then died; wife's absence from the home being without intention of abandoning the homestead but with the intention to return to and reside thereon when conditions made it safe so to do; held, that findings accordingly did not warrant conclusion that either the wife or the husband abandoned the homestead; that her removal from the state was immaterial; therefore the widow was entitled to have the homestead set apart to her under Code 1919, Sec. 3345, providing that on death of husband or wife or head of family entitled to select a homestead as proivded by law, the survivor may continue to have exclusive possesison of homestead until otherwise disposed of, with rents and profits thereof according to law.

2.  Same—Additional Personalty Allowance With Homestead, Widow's Right To.

Under the facts as stated, widow was entitled also to the additional personal property allowance under Sec. 3346, Code 1919, providing that in addition to the homestead there shall also be allowed and set apart to surviving wife * * money or personal property to the amount of $750, to be with homestead possessed and used by her or the minor children; the evidence clearly showing temporary absence by wife, the responsibility for which rested upon husband; that leaving the home because of husband's cruelty is not abandonment of homestead by wife.

3.  Executors and Administrators—Widow's Allowance, Circuit Court Trial Re On Appeal—Devisee's Special Appearance to Object to Evidence For Non-service of Process, Whether Misjoinder of Parties—General Appearance, Immateriality.

Where on appeal from judgments in County Court in re an estate, giving widow an allowance and setting apart a homestead for her, certain legatees and devisees appeared specially to object to introduction of evidence because they had not been served with process nor made parties, and that therefore there was a misjoinder of parties; held, that such objections did not show misjoinder of parties. And whether such appearance constituted a general appearance need not be decided, since, if the executor did not fully represent all interests adverse to widow's claim including those of such objectors, then he was not aggrieved by the ruling, and therefore he cannot as appellant

complain; while if he did not represent such interests the objection was groundless.

Whiting, J., concurring in the result.

Appeal from Circuit Court, Moody County. Hon. Louis L. Fleeger, Judge.

In the matter of the estate of James A. Gillette, deceased. The County Court of Moody County, upon petition of Maggie Gillette, widow of decedent, made an order which among other things denied her petition for an allowance out of said estate, from which order she appealed to the Circuit Court. Her petition in the County Court to have set apart to her as the family homestead the realty in question, having been granted, William J. McLaughlin, executor of the estate appealed therefrom to the Circuit Court; the two issues being tried de novo in said Court, where judgment was rendered setting apart to the widow the land in question as a homestead, and granting her exclusive possession thereof with rents and profits until the property is otherwise disposed of according to law; from which order, and from an order denying a new trial, the defendant William J. McLaughlin as executor, appeals. Affirmed.

*Frederick A. Warren,* and *Bates & Johnson,* for Appellant.

*Rice & Rice,* and *Brady, Robertson & Bonner,* for Respondent.

(1)   To point one of the opinion, Appellant cited: Carter v. Pickett, (Okla.) 134 Pac. 440; Russell v. Koller, (Okla.) 174 Pac. 560; Holcomb v. Holcomb, (N. D.) 120 N. W. 547; Kaes v. Gross, (Mo.) 1 Am. St. 767.

Respondent cited: In re Sanford's Estate, 39 S. D. 366, 164 N. W. 95; Jensen v. Griffin, 32 S. D. 613-618.

GATES, J.   From 1893 to 1912 James A. Gillette, with his wife and children, used and occupied the premises in question as a homestead, the same being situated in Moody county. In the fall of 1912 the wife, deeming it unsafe for her and the children to longer live with her husband, removed to Flandreau. Subsequently an action for separate maintenance was begun by her which resulted in an annual allowance to her of $400. The allowance being insufficient to support herself and family, and finding that she could better support and educate the children in Minneapolis, she took them there in 1914. She lived near the University and kept students as roomers and boarders. The daughter attended

the University and the two sons attended school. All of the children worked and earned what money they could. The husband remained on the farm for several years, after which it was leased to a tenant. He died in July, 1918, testate. The wife left her husband solely because of his cruel treatment and because she feared to remain with him, and not with the intention of abandoning the homestead. It was at all times her intention to return to the homestead and reside thereon when conditions were such as to make it safe for her to do so.

From judgments of the circuit court, on appeal from the decisions of the county of Moody county in the matter of the estate of said decedent, giving the widow $750 allowance, and setting apart to her the premises in question as a homestead until the property is otherwise disposed of by law, and from orders denying new trial, the executor appeals. For convenience the appeals are considered together.

[1] The chief contention of appellant is that the evidence was insufficient to sustain the findings of the court in that he claims that the evidence shows that respondent, as well as the decedent, had abandoned the homestead, and that she has been a resident of the state of Minnesota ever since the year 1914. In so far as the homestead question is concerned the removal of the wife to Minnesota was immaterial. There was no evidence tending to show the abandonment of the homestead, as such, by the husband. It therefore remained his homestead, and therefore the homestead of his wife and minor children. Such being the case, the widow was entitled to have the homestead set apart to her. Rev. Code 1919, § 3345.

[2] In so far as the question of personal property allowance is concerned, we are satisfied that the evidence clearly shows a temporary absence by the wife, the responsibility for which rested upon the husband. Such being the case, the widow, was entitled to the allowance made. Rev. Code 1919, § 3340; In re James' Estate, 38 S. D. 107, 160 N. W. 525. Leaving home because of the cruelty of her husband does not amount to abandonment of the homestead by the wife. Rogers v. Day, 115 Mich. 664, 74 N. W. 190, 69 Am. St. Rep. 593.

[3] At the trial certain legatees and devisees appeared specially and objected to the introduction of any evidence for the

reason that they had not been served with process of any kind nor made parties to the proceeding, and therefore that there was a misjoinder of parties, which objection was overruled. Of course, such objection did not show a misjoinder of parties. Probably the objectors intended to assert that there was a defect of parties defendant. Whether such appearance constituted in reality a general appearance, as is contended by respondent, it is not necessary now to decide. If the executor did not fully represent all interests adverse to the claims of the widow, especially the interests of the objecting legatees and devisees, then the executor was not aggrieved by the ruling, and therefore he cannot complain thereof. If the executor did fully represent such adverse interests, then the objection was groundless.

Finding no error in the record, the judgments and orders appealed from are affirmed.

WHITING, J. (concurring in the result.) Appellant's counsel, claiming to appear specially on behalf of certain other parties, objected to certain evidence. This objection was overruled, and such ruling is now assigned as error. No objection was interposed to this evidence by appellant. Those who sought to object have not appealed. The claimed error is not before us for determination.