FIRST NATIONAL BANK OF BUCHANAN. *v.* TWOMBLY.

1. DOWER—NONRESIDENT WIFE.
    Wife, residing out of this State, is entitled to dower only in lands of which husband died seized (3 Comp. Laws 1929, § 13088).

2. HOMESTEAD—NONRESIDENT WIFE.
    Wife who has never resided in this State is not entitled to homestead rights in lands owned by her husband here.

3. MORTGAGES—INTEREST OF WIFE—SEPARATE MAINTENANCE—EXECUTION.
    Interest of wife under execution levied upon lands in this State was cut off by prior mortgage sale to *bona fide* mortgagee for valuable consideration without notice of her existence or rights where she had been awarded decree of separate maintenance and had never resided in this State nor acquired dower or homestead rights in the lands in question.

Appeal from Berrien; White (Clarence E.), J. Submitted October 17, 1933. (Docket No. 140, Calendar No. 37,414.) Decided December 29, 1933.

Bill by First National Bank of Buchanan against Ethel Helen Twombly to quiet title to land. Decree for plaintiff. Defendant appeals. Affirmed.

*Burns & Hadsell,* for plaintiff.

*C. Upton Shreve* (*Clarence E. Butler* and *John G. Libbers,* of counsel), for defendant.

Potter, J. Willard O. Twombly, also known in the record as Willard Irving Twombly, and defendant were married July 23, 1916. From 1916 to 1925 they lived together in the city of New York. There they separated. October 31, 1925, Mrs. Twombly filed a bill for separate maintenance against her husband in the superior court of Cook county, Illinois, alleging her residence was in New York and his in Chicago. In 1932 she obtained a decree of that court against him for separate maintenance, a lump sum award of $22,910 and $400 a month thereafter. Willard O. Twombly had acquired the land in question in Berrien county, Michigan, and, September 19, 1927, mortgaged it to plaintiff for $5,000. The mortgage was signed and executed by Willard O. Twombly and a woman he was then living with on the farm as his wife. By reason of his subsequent default in the payment of the mortgage, plaintiff foreclosed it and at mortgage sale bid in the land. In 1929 Willard O. Twombly quitclaimed his interest in the land to plaintiff. Defendant, February 2, 1928, caused a writ of attachment to be issued out of the circuit court of Berrien county against Willard O. Twombly and recovered judgment against him for $3,517.95 and costs, and June 15, 1928, caused an execution to be levied upon the lands in question. Plaintiff is conceded to have been a mortgagee in good faith for a valuable consideration without

notice of defendant's existence or rights. Defendant never lived in Michigan.

August 4, 1928, defendant caused to be recorded in the office of the register of deeds of Berrien county her affidavit in which she set up that the mortgage of Willard O. Twombly purported to be joined in by his wife; that the woman who signed the mortgage with him was not his wife; that defendant, as the wife of Twombly, claimed a dower interest in the premises here involved. After perfecting its title by foreclosure and purchase at mortgage sale of the lands and quitclaim deed thereof from Twombly, plaintiff filed a bill to quiet title thereto and remove cloud therefrom against defendant. From a decree for plaintiff, defendant appeals.

The trial court found:

"The Twomblys were living, in 1925, in the State of New York. On September 9, 1925, there was a separation, as claimed by the wife because of the cruel treatment received from her husband. Since that time these parties have never lived together as husband and wife. Defendant filed a bill for separate maintenance in Cook county, Illinois, on October 31, 1925, wherein she alleged that the separation between the parties took place on September 9, 1925, and that since that time they have lived separate and apart from each other, and that she at that time was an actual resident of the State of New York. In the month of June, 1932, defendant herein obtained a decree of separate maintenance from her husband in that suit, wherein the court found, as a matter of fact, that from September 9, 1925, up to the date of the entering of the decree, the Twomblys had continued to live separate and apart. This court must, therefore, find as a matter of fact that the theoretical unity between this husband and wife had been destroyed, and that the wife had acquired a residence and domicile separate and apart from

that of her husband. It is not claimed by defendant, or her counsel, that up to September 19, 1927, she had ever acquired an actual residence in the State of Michigan, but their theory is that because the Twomblys were then legally husband and wife, under the common-law fiction of the identity of husband and wife, the domicile and residence of the husband was that of the wife, and therefore, as a matter of law, she was legally domiciled in Michigan at that time. As I have endeavored to point out, this is not the law, as applied to the facts in the case at bar.''

Had defendant's husband died in Michigan she would have been entitled to dower only in the lands of which he died seized. 3 Comp. Laws 1929, § 13088. *Stanton* v. *Hitchcock,* 64 Mich. 316 (8 Am. St. Rep. 821); *Black* v. *Singley,* 91 Mich. 50; and *Hall* v. *Marshall,* 139 Mich. 123 (111 Am. St. Rep. 404), hold that a wife who has never resided in Michigan is not entitled to homestead rights in lands owned by her husband here. Defendant relies upon *Sherrid* v. *Southwick,* 43 Mich. 515; *Rogers* v. *Day,* 115 Mich. 664 (69 Am. St. Rep. 593), and *Gluc* v. *Klein,* 226 Mich. 175.

In *Sherrid* v. *Southwick, supra,* John Cave and wife had lived for many years on the land in question. She was subsequently driven from home by her husband's misconduct. He mortgaged the land without her signature. It was held this mortgage was void because she had acquired dower and homestead rights in the premises and her absence from the State by reason of his misconduct could not deprive her of these vested rights.

In *Rogers* v. *Day, supra,* one Louw, together with his wife and children, lived on the land in question for some time. She was driven out by his misconduct for which he was arrested. While in jail await-

ing trial he executed the mortgage in question without his wife's signature. Subsequently he was convicted and sent to prison. It was held her vested rights could not be cut off by his misconduct and the mortgage did not affect her dower and homestead rights.

In *Gluc* v. *Klein, supra,* the husband and wife had lived in Minnesota. The wife became insane and ·was incarcerated in a Minnesota insane asylum. The husband afterward came to Michigan and acquired the land in question. The question was whether his deed alone of the land, under the circumstances, was sufficient. It was held his domicile was presumptively that of his wife; that had his wife been sane she presumptively would have followed him to Michigan, but being insane she was unable to choose any other domicile than that of her husband and her signature was necessary in order to cut off her rights in the lands acquired here by him, but it was said:

"Under the statute if the wife resides out of the State her right of dower is barred by a conveyance executed by the husband alone."

Under the undisputed facts here involved defendant resided out of the State; never resided in this State; never acquired dower and homestead rights in the lands in question, and her rights under the execution issued must be held to have been cut off by the mortgage sale to plaintiff.

Decree of the trial court affirmed, with costs.

McDonald, C. J., and Weadock, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.