## MILLS v. MOTT.

| | |
|---|---|
| 59 | 15 |
| 61 | 225 |
| 61 | 612 |

| | |
|---|---|
| 59 | 15 |
| f63 | 604 |

| | |
|---|---|
| 59 | 15 |
| 64 | 52 |

| | |
|---|---|
| 59 | 15 |
| 66 | 129 |

1. When a case is tried by the court, a jury being waived, its finding on the blended law and facts cannot be reviewed on error.
2. The proper method of proceeding pointed out.

In ejectment.

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff in error, *J. Frank Fort.*

For the defendant, *Hayes & Lambert.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. It was shown at the trial that the plaintiff (Mott) was possessed of the paper title to the premises in dispute, the defendant contending that he was the owner from adverse possession.

A jury having been waived, the case was tried by the court, the decision being that the defendant had not established by the proofs the title thus set up by him. In stating his conclusion, after reviewing the evidence, the court said, in the words of the record: "I find that the plaintiff is entitled to the possession of the lands and premises described and set forth in the declaration filed in this case, and judgment is ordered for the plaintiff accordingly." It is then stated "that the defendant's counsel prays an exception to this ruling of the court." This was allowed and sealed.

From this narration it is manifest that there is no issue before this court in this case that it can decide.    An exception to the finding of a judge upon the law and facts of a case is no better than such an exception would be to the finding of a jury.    The statute regulating the subject declares, in terms, that when a jury shall have been waived, " either party may allege an exception and have the same sealed, or move for a new trial, as in case of a trial by jury."    *Rev., p.* 875, *pl.* 176. This leaves the methods of procedure in this respect as at common law.    By this process in that system the facts making up the controversy could not be transferred to the higher court by way of review.    That this could not be done in such cases as the present, was decided by this court in the action of *Columbia Delaware Bridge Co.* v. *Geisse,* 9 *Vroom* 580.

Nor does it seem to the court that there can be any embarrassment in conducting these trials before the court according to the common routine.    If a particular rule of law be deemed to be applicable to the facts in evidence, the judge can be called upon to apply such principle, and if such request be refused a bill of exceptions will then be in order.    The settled rule is that the particular portion of the judicial exposition of the law that is considered erroneous should be specified.    In the present instance the objection interposed is to the finding of the judge with respect to all the facts and all the law that it comprehends.

Such a procedure has no legal value whatever, and consequently we have before us nothing but the record itself, and the judgment, therefore, must be affirmed.