NEW JERSEY RUBBER COMPANY v. COMMERCIAL UNION ASSURANCE COMPANY (LIMITED) OF LONDON.

*Argued June 9, 1899—Decided November 13, 1899.*

When a case is tried by the court, a jury being waived, its finding upon the blended law and facts cannot be reviewed upon error.

On error to the Circuit Court.

Before MAGIE, CHIEF JUSTICE. and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

N. J. Rubber Co. v. Commercial Assur. Co.     *64 N. J. L.*

For the plaintiff, *Richard S. Kuhl* and *John Rellstab.*

For the defendant, *Sherrerd Depue.*

The opinion of the court was delivered by

GARRISON, J.    This is an action upon a policy of insurance.    The plaintiff declares upon a contract by the defendant to insure it against loss by fire to an amount not exceeding $5,000 on the stock and raw material in the frame storehouse of the plaintiff.    A total loss is alleged.    The defendant gave notice with its plea of the general issue of four special matters of defence—

*First.*  The concealment by the plaintiff of material facts and circumstances.

*Second.*  The misrepresentation by the plaintiff of the same.

*Third.*  The false representation by the plaintiff that policies concurrent and proportionate in all respects with that issued by the defendant were then being taken out for the same property.

*Fourth.*  That the policy was delivered by the defendant to the plaintiff upon the condition that it should not take effect until plaintiff purchased other insurance concurrent and proportionate as above.

Upon these issues of blended law and facts a trial was had before the Circuit Court, a jury being waived.    The testimony was open to two inferences—one that the concurrent insurance was a condition precedent, the other that it was *only* an expectation not embodied in the written contract.    It was a question that the court, sitting as a jury, must decide in reaching its conclusion.    It was decided against the defendant, expressly and necessarily.    With this fact established it is futile to consider the other points that were argued.    The judgment of the Circuit Court, based upon this finding, is as unassailable in this court as the verdict of a jury would be. *Mills* v. *Mott*, 30 *Vroom* 15.

No bill of exceptions raises any other question.    The judgment is affirmed.