NEW JERSEY SUBURBAN WATER COMPANY AND THE NEW YORK AND NEW JERSEY WATER COMPANY, DEFENDANTS IN ERROR, v. THE TOWN OF HARRISON, PLAINTIFF IN ERROR.

---

NEW JERSEY SUBURBAN WATER COMPANY AND THE NEW YORK AND NEW JERSEY WATER COMPANY, DEFENDANTS IN ERROR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF EAST NEWARK, PLAINTIFFS IN ERROR.

Argued March 17, 1905—Decided November 20, 1905.

Each of the municipalities, which were defendants below, had, before these actions, been possessed of mains and pipes for a supply of water for public purposes and for distribution to private con-

sumers for pay; and each had been receiving and using water transmitted through a pipe claimed by Jersey City, and had made compensation to Jersey City for water so supplied, but without express contract. Defendants in error gave notice to each municipality that they had acquired the right to water thus supplied, and should claim compensation therefor in the future. Jersey City also claimed the right to the water and compensation therefor. Each municipality continued to receive and distribute the water and to collect pay from consumers. Each filed a bill of interpleader against the respective claimants, and afterward these actions at law were brought to recover compensation for the water so received and used. *Held,* that although there was, during the period covered by the actions, no express contract between plaintiffs and defendants, an obligation to make compensation to the owners of the water will be implied from its reception and the conduct of the municipality receiving it.

On error to the Supreme Court.

For the plaintiffs in error, *Michael T. Barrett, Edward Kenny* and *George L. Record.*

For the defendants in error, *Collins & Corbin.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The judgments brought before us by these writs of error were entered in two separate actions, involving like questions. The cases have been argued together and may be disposed of by the same opinion.

The actions were for the recovery of compensation for water delivered to the municipalities, which are the plaintiffs in error, for public purposes and for distribution to the inhabitants thereof. The declarations contained only the common counts and the general issue was pleaded in each case. The issues were tried together by a justice of the Supreme Court, sitting without a jury.

The findings of fact were that plaintiffs below had furnished to each of the municipalities, during the periods, respectively, covered by the actions, certain quantities of water; that such water had been delivered to the municipalities by transmission from the point at which plaintiffs below received it,

through a pipe originally laid by the city of Jersey City in a public street of the township of Kearny, to the mains and pipes of each municipality; that the water had been received by each municipality and used for public purposes, and also distributed to private customers, at specified rates, which each municipality had collected, or was in process of enforcing and collecting; that moneys collected from such rates went into the municipal treasuries and were used in maintaining the respective water systems, and any surplus was used for general municipal purposes; that the water which was thus furnished to each municipality was the property of plaintiffs below, and its reasonable value, as furnished, was such as made up the respective amounts found to be due, and upon which the judgments were entered. It was also found that each municipality had filed in the Court of Chancery a bill of interpleader against the city of Jersey City and the plaintiffs below, whereby each municipality admitted its liability for the water supplied, but set up that compensation for the same had been claimed by the city of Jersey City, and also by the plaintiffs below, and that it was unable to determine to which one it was indebted.

There was evidence on which the trial justice could reach these conclusions of fact, and they are not open to review on these writs of error.

The exceptions and assignments of error are conceived by counsel to raise two questions of law, which will be considered.

It is first urged that the use of the pipe laid in the township of Kearny, and claimed to be owned by the city of Jersey City, divested the water companies of any right to claim compensation for the water transmitted thereby. It is unnecessary to say more respecting this claim than that the unauthorized use of the vehicle for the transmission of water could not deprive the owner of the water of his property therein. He might be required to pay for the use of the vehicle, or possibly be compelled to cease its use. But so long as he had in fact transmitted the water and delivered it to persons who accepted it, so long he would be entitled

to recover on a *quantum meruit,* in all ordinary cases. This view was taken and formed the ground of decision in *Suburban Water Co.* v. *Harrison, ante p.* 194.

It is next, however, insisted that a municipality cannot be held for such compensation except by an express contract, which, it is conceded, had not been made at the time this water was furnished. Such a contract was afterward made, but these suits are for water furnished before. The insistment is that where a municipality is entitled to make a contract it must be an express contract, and none will be implied from the mere acceptance and use of materials or supplies.

This contention is mainly supported in the argument on the authority of the case of *Hackettstown* ads. *Swackhamer,* 8 *Vroom* 191, and *Carspring and Rubber Co.* v. *Jersey City,* 35 *Id.* 544. The first of these cases was decided in the Supreme Court, and Chief Justice Beasley, speaking for the court, held that a municipality having powers of local government and improvement, with power to raise money by tax for such purposes, possessed no implied power to borrow money. It having appeared in that case that money thus illegally borrowed had in fact been used for legitimate purposes of the municipality, and it being argued thereon that the law, on general principles, would compel repayment, the Chief Justice disposed of the argument by declaring that to admit the application of such principles to an unauthorized municipal loan would render·the doctrine he had laid down of little value, or, as he sententiously put it, "although repudiated in the abstract, it would be ratified in the concrete."

The other case was in this court. It presented the question of the liability of a municipality for three separate bills for supplies ordered by employes and used by the city. The power to order such supplies and to contract for their payment was in a board. That board had formally ordered payment of one of the bills, and it was held by this court that thereby the board had adopted the act of the subordinates and ratified it and recognized an enforcible contract. But

it was further held that the other bills which had arisen from the ordering of the subordinates without the knowledge of the board, and which had never been ratified or ordered paid, were not enforcible claims against the city, on the ground that there was no acceptance by the authority authorized to bind the city. There was an intimation, unnecessary to the decision, that such an obligation might not arise even if the supplies in question had been ordered by the subordinates and used, with a knowledge of the board, without some formal action on its part.

Whether the doctrine thus intimated will be sustained when a case for its application arises, need not be determined. The case now under consideration presents the counterpart of the bill for supplies furnished and used, for which Jersey City was held liable, because the board which had the power to order and contract for such supplies had recognized the transaction and ratified it by ordering payment for charges therefor. Here the municipalities in question had authority to contract for water for public and private purposes, and had for years trafficked in water obtained by contracts and distributed it to customers for pay. While a supply was being furnished to them without any express contract, a contest arose as to the right to the water furnished and the compensation therefor. It was claimed both by Jersey City and by the water companies. As a great public injury would follow the rejection of the water while the controversy was being settled, it was allowed to flow and each municipality continued to receive and to collect pay therefor, which it put into its municipal treasury. These corporate acts of themselves justify the inference of ratification, and when coupled with the further act of recognizing the liability to pay and invoking the aid of the court by a bill of interpleader, a case of ratification is plainly made out, and the finding for plaintiffs below is not open to the objection presented on this subject.

These are the only questions requiring consideration, and both being solved in favor of plaintiffs below, the judgments under review are affirmed.

Dixon, J. This case was tried without a jury, and upon a finding of many facts and rulings upon several questions of law the only exception appearing in the record is "to these foregoing finding and ruling the defendant prays exception, and it is allowed accordingly."

So general an exception presents no question for review on error. *Mills* v. *Mott,* 30 *Vroom* 15; *Weger* v. *Delran,* 32 *Id.* 224.

I therefore concur in affirming the judgment.

*For affirmance*—The Chancellor, Chief Justice, Dixon, Garrison, Garretson, Swayze, Bogert, Vredenburgh, Vroom, Green. 10.

*For reversal*—None.