J. MASSEY RHIND v. WILLIAM G. FREEDLEY ET AL.

Argued June 7, 1906—Decided November 12, 1906.

1. The plaintiff, a sculptor, contracted with defendants, operators of a marble quarry, for blocks of marble of certain size, sawed in a certain way, of tone and character suited for carving of figures for a named building to be built of marble, a sample of which was furnished the quarrymen. *Held*, that the tone and character of the marble was a matter of description and warranted, and that marble not answering that description might properly be rejected by the plaintiff.
2. The plaintiff did not lose his right to reject marble not answering the description merely by doing sufficient work upon it to enable him to discover the defects, which were latent.
3. Where a vendor fails to deliver goods in accordance with his contract, and they cannot be procured in the market, and the vendee is obliged to procure other goods, the measure of damages is the difference between the contract price and the price of the nearest substitute procurable.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the defendant in error, *Wendell J. Wright* (*Edmund W. Wakelee,* on the brief).

For the plaintiff in error, *Mr. Besson* (*Lewis, Besson & Stevens*).

The opinion of the court was delivered by

SWAYZE, J. This case was tried before the court without a jury; the court found in favor of the plaintiff and allowed a rule to show cause. The objection that the verdict was against the weight of the evidence seems to be properly before us; the objection to the rule of damages adopted by the court involves a legal question which was not presented to the court below, and therefore is not now the subject of review. *Mills v. Mott,* 30 *Vroom* 15; *Jackson* v. *Traction Company, Id.* 25.

The court found that the contract was contained in the plaintiff's letter of April 24th, 1902, as accepted by the letter of defendant's agent, April 26th, 1902. No other finding seems admissible. The testimony as to the conversations, if admissible at all, related only to preliminary negotiations, and did not affect the terms of the contract as made by the correspondence. That contract was to furnish sixteen blocks of best Dorset marble, tone and character suited for the carving of the figures for a building of white West Rutland marble. The size of blocks was specified and they were to be sawed on two sides. Subsequently the number of blocks was changed to eighteen. Eleven blocks were furnished, of which seven were accepted by the plaintiff and four rejected. If the defendant ever tendered any other blocks in fulfillment of the contract they were rejected as not in accordance with the contract. The judge found that there was no tender, but we think it unnecessary to consider that question, for reasons which will appear.

It is now argued by the defendant that the contract was only for best Dorset marble, and that there is no proof that the marble furnished or tendered was not best Dorset marble. This argument overlooks a material term of the contract— that the tone and character of the marble was to be suited for the building in question; a sample of the stone used was furnished by the plaintiff to the defendant. The plaintiff was a sculptor; the defendant operated a marble quarry; the blocks were still to be quarried and sawed, for a special purpose that was disclosed. Under such circumstances the buyer has no opportunity to inspect; he necessarily relies upon the seller to comply with the contract, and the seller holds himself out as competent to furnish goods adapted to the particular purpose. The reasons for the rule of *caveat emptor* are not applicable to such a case, and accordingly the authorities hold that there is an implied warranty of fitness. *Hoe* v. *Sanborn,* 21 *N. Y.* 552 (1860) ; *Kellogg Bridge Co.* v. *Hamilton,* 110 *U. S.* 108 (1884) ; *Drummond* v. *Van Ingen,* 12 *App. Cas.* 284; 56 *L. J., Q. B.* 563 (1887).

These were cases where a manufacturer undertook to supply

goods of his own manufacture, but the same reasoning applies to a quarryman who undertakes to get out blocks of marble for a certain purpose; his control of the quality of the marble is not as great as the manufacturer's control of his product, but he must exercise a choice of the marble quarried so as to enable him to comply with his contract.

It is not necessary, however, in the present case, to resort to the implied warranty, for by the express terms of the contract suitability in tone and character for the particular building was made a matter of description, and in effect this was a warranty. *Wolcott* v. *Mount,* 7 *Vroom* 262.

The evidence that the rejected blocks were not suited in tone and character for the purpose intended was ample to justify the court's finding on that point.

It is said, however, that after the receipt of the four rejected blocks the plaintiff did some work upon them, and this is urged as evidence of an acceptance; but the work seems to have been no more than was necessary in order to determine the character of the stone, and ceased as soon as its unfitness was discovered, and notice was then given the defendant's agent.

Although the propriety of the court's ruling as to damages is not presented by any request to find or by any exception to the rule adopted, we have considered that question also and find no error.

Marble of the quality and size required was not procurable in the Dorset region, and the plaintiff procured what he needed at Rutland. The Rutland marble is said to have been of a better quality and more expensive than the best Dorset marble, but there is evidence justifying an inference that one of the defendants suggested that a substitute be procured at one of the Rutland quarries, and that it was in pursuance of this suggestion that the plaintiff bought to meet his needs.

The measure of damages in such a case is the difference between the contract price and the value of the goods; this value, in the case of goods procurable in the market, is the market price; but when there is no market, the value is determined by the price of the best (*i. e.,* the nearest) substitute

procurable. *Hinde* v. *Liddell, L. R.,* 10 *Q. B.* 265 (1875); *Benj. Sales* (*5th Eng. ed.*) 987.

We find nothing in the case to justify us in setting aside the findings of the trial judge, and the rule must be discharged.