EDNA R. W. LARNED, PLAINTIFF-RESPONDENT, v. ELIZA-
BETH MacCARTHY, WILLIAM LARNED AND EDWARD
P. LARNED, DEFENDANTS-APPELLANTS.

Submitted December 8, 1913—Decided March 16, 1914.

Where, on error, there is evidence to support the judgment of a trial
court the findings of fact will not be reviewed beyond ascertain-
ing that there was evidence to support them; and, likewise, the
findings of a trial court upon a mixed question of law and fact
will not be reviewed.

On appeal from the Supreme Court.

For the plaintiff-respondent, *William B. Stites.*

For the defendants-appellants, *Roe, Runyon & Tompkins.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This case presents an appeal from
a judgment of the Supreme Court on an issue tried at the
Union county circuit before Judge Vail, without a jury.
The trial court found for the plaintiff and assessed her dam-
ages. The facts and the issue are succinctly stated by Judge
Vail, who delivered the following opinion:

"This case, by agreement of counsel, was tried by the court
without a jury.

"The plaintiff is the widow of William Z. Larned, and the
defendants are his heirs-at-law. William Z. Larned died
March 13th, 1911, leaving a last will and testament in which,
after making certain bequests and devises, he confirms to his
widow her right of dower in all the real estate of which he
might die seized. After his death his heirs, by deed of war-
ranty, sold a certain piece of property in Summit, New Jer-
sey, and the net sum realized was $5,326.48. The plaintiff
consented to this sale and joined in the deed, and this action
is brought to recover the value of her dower on the proceeds
of the sale. The defendants admit that she is entitled to

dower and that nothing has been paid, but they dispute the amount claimed.

"It appears by the testimony that in April, 1912, the plaintiff received a letter from Albert H. MacCarthy, who was the husband of one of the defendants and who was acting as the agent of the heirs, stating that the heirs had an offer for the property in question which they thought advisable to accept, and asked if the plaintiff would consent to the sale, and if so, whether she would prefer to take a sum in gross or have one-third of the net proceeds invested for her benefit.  To this letter the plaintiff, by her agent, James Richards, replied, consenting to the sale and said she preferred to take a sum in gross and that her percentage under the New Jersey chancery rules was 23.545.  Subsequently, and before signing the deed, the plaintiff, by her agent, Mr. Richards, wrote to Mr. MacCarthy saying that she would accept her percentage under the amended chancery rules, which would be 21.9347, instead of 23.545.  A deed was then signed and the plaintiff joined in the warranty.

"The plaintiff insists that the sum due her must be ascertained by multiplying the $5,226.48 by 21.9347, and that the result is $1,146.42.  On the contrary, the defendants say that the amount must be ascertained by the computation made in accordance with chancery rule 185, and that this would give the plaintiff $573.22.  The argument being that as it is admitted that as the property sold yielded no income, therefore under the rule cited the gross sum could not exceed one-half of the amount calculated from the net proceeds of sale.  But this rule further provides: 'Having made such calculation and ascertained the result the master is to report, irrespective of that result, what is in his opinion and under all the circumstances of the case, a reasonable satisfaction for said dower or other estate.'

"This matter is not before me in any proceeding where the property is sold by order or decree of any court, wherein the widow would be compelled to take a gross sum or have one-third of the proceeds invested for her benefit.  She was not obliged to sign the deed, and only signed after making an

express statement that her percentage would be 21.9347. Even assuming that the calculation made by defendants is the correct one, the defendants had full notice of the claim made by the plaintiff, and it is fair to presume that if they had made the claim then that they now do the plaintiff would have declined to sign the deed.

"Therefore, under all the circumstances of the case, I decide that a reasonable satisfaction for the plaintiff's dower would be $1,146.42, with interest from May 1st, 1912, and costs of suit."

There was evidence to show that the plaintiff, who is the widow of the deceased owner of the land which was sold, agreed to join in the sale thereof negotiated by the heirs, and to accept in lieu of her dower a gross sum to be ascertained by computation made under the rules of the Court of Chancery. This sum the judge of the Circuit Court ascertained to be $1,146.42. There was evidence to support this finding, and this court will not review findings of fact in the court below beyond ascertaining that there was evidence to support them. *Dilks* v. *Kelsey,* 59 *Atl. Rep.* 897; *affirmed, S. C.,* 44 *Vroom* 678.

Upon the theory that the trial judge was obliged to construe the chancery rules in their application to the facts before him, and was therefore confronted with a mixed question of law and fact, the result is the same, because the finding of a trial court upon a question of blended law and fact cannot be reviewed in an appellate court. *New Jersey Rubber Co.* v. *Commercial Assurance Co.* (*Supreme Court*), 35 *Vroom* 51; *Schorb* v. *Haurand* (*Court of Errors and Appeals*), 47 *Id.* 768.

The judgment under review must be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ.    11.

*For reversal*—None.