HENRY H. SOULIER AND JENNIE A. SOULIER, PLAINTIFFS-APPELLANTS, v. MARTIN DAAB, JR., DEFENDANT-RESPONDENT.

Submitted December 8, 1913—Decided March 16, 1914.

Where the negotiations for a lease of real estate result in a written contract, a previous oral agreement, not expressed in the writing, relating to repairs to be made to the building let, and also that trade fixtures subsequently to be put in by the tenant should become the property of the landlord on the termination of the lease, is not such a collateral agreement relating to a subject distinct from that to which the written contract applies as to justify the admission of proof thereof, to vary the written con-

tract which the parties have entered into. Agreements to repair the demised premises, and the condition in which they are to be left at the termination of a lease, in contracts of letting, are collateral to the demise of the land and not to a subject distinct therefrom.

On appeal from the Supreme Court

For the plaintiffs-appellants, *Eberhard & Sheridan.*

For the defendant-respondent, *John J. Fallon.*

The opinion of the court was delivered by

BERGEN, J.  The plaintiffs, husband and wife, and the defendant entered into a lease bearing date the 7th day of February, 1907, by the terms of which the plaintiffs rented to the defendant the first floor of a building for the term of five years.  The only covenant in this lease material to the issue tried is this, "That the parties of the first part are to have all fixtures now in said premises and also that no changes are to be made in the premises without the consent of the parties of the first part."  At the expiration of the lease, the tenant surrendered the premises taking with him certain trade fixtures which he had attached to the premises for use as tenant.  The plaintiffs, claiming that the defendant had no right to move these fixtures, brought their suit to recover their value and also damages which they claim they suffered from injury to the building caused by the defendant in removing these trade fixtures.  The defendant answered denying the facts set up by the plaintiffs and also filed a counter claim for the cost of one-half of certain improvements made to the building by him, which he claims the plaintiffs agreed to pay by virtue of an oral agreement made .after the lease was executed.  The plaintiffs based their claim to recover for the fixtures removed upon an alleged oral agreement made before the lease was executed and during the negotiations therefor.  The defendant recovered a judgment on his set-off from which the plaintiffs have appealed.

The appellants state several grounds of appeal, the first and most material of which is that "The court refused to allow plaintiffs to prove an agreement, made prior to the making of the lease, whereby the plaintiffs agreed to alter the first floor or flat in the premises mentioned in the lease into a store suitable for a saloon or cafe, and the defendant agreed to erect and set up therein store fixtures, and that they should become the property of the plaintiffs on the termination of the defendant's tenancy under the lease for said store executed after the making of said agreement." The record shows that the trial court refused this offer upon the ground that it was an attempt to alter a written contract, the negotiations for which had been concluded and expressed in the writing. The appellants, agreeing that while evidence will not be admitted to vary the terms of a written instrument, insist that there are exceptions to this rule, viz.: *first,* where the written contract is not complete and on its face does not purport to contain the whole agreement between the parties, and *second,* where the parties in negotiating the agreement, which is reduced to writing, have also entered into an agreement by parol which is collateral to the written contract and on a subject distinct from that to which it relates, and argue that this case is within these exceptions to the general rule.

As to the first exception claimed, we are not able to perceive in what particular this lease is not complete, and does not on its face contain the whole agreement between the parties. It is an absolute demise for five years of the premises therein described, subject to the payment of the rent reserved, reserving all the fixtures then on the premises and forbidding any changes to be made without the consent of the landlord.

As to the second exception claimed, we fail to see under what rule of law an oral contract, made prior to the lease, that the fixtures to be put on the premises by the tenant should become the property of the landlord on the termination of the lease, is collateral to the written contract or on a subject distinct therefrom, when the writing itself deals

with the ownership of fixtures, reserving to the landlord fixtures then on the premises, for as was said in *Naumberg* v. *Young*, 15 *Vroom* 338, "In contracts of letting, the usual covenants—such as for repairs and improvements and the like—are all collateral to the demise of the land, and if oral testimony be received to prove the agreements of the landlord or tenant on such subjects, the written lease would be of little avail." The law in relation to oral testimony concerning contracts relating to the repairs or improvements of demised premises, made prior to the execution of the lease, is very fully explained and laid down by Chief Justice Gummere, speaking for this court, in *Hallenbeck* v. *Chapman,* 43 *Vroom* 201. There was no error in refusing to allow the plaintiffs to prove the agreement which they complain of as the first ground of their appeal.

The second, third and fourth grounds of appeal all relate to the refusal of the trial court to admit testimony tendered by the plaintiffs. After examination of the whole case it does not appear to us, that if the ruling complained of was erroneous it injuriously affected the substantial rights of the appellants and, under section 27 of the Practice act of 1912, no judgment shall be reversed on the ground of misdirection or the improper admission or exclusion of evidence unless such error injuriously affects the substantial rights of a party.

The fifth ground of appeal is that the jury rendered a verdict for the defendant and against the plaintiff Jennie A. Soulier on the defendant's counter claim, although there was no evidence tending to show her liability therefor. No such question was raised on the trial, nor does the record show that the attention of the trial court was called to any such objection, and the case was tried upon the theory that the husband was the agent of his wife in dealing with the premises. The negotiations for the lease were all made by the husband and presumably ratified by the wife when she signed the lease, and the record shows that thereafter the husband had charge of the premises and of certain repairs

to the property made after the leasing under the direction of the husband. The wife was not called as a witness, nor, as we have said, was the right of the husband to act for the wife in the premises questioned at any time during the trial, and we think this objection which was first set up in the grounds of appeal filed after verdict and judgment in a suit in which the wife was a party plaintiff, comes too late to be availed of by her.

The other grounds of appeal, four in number, are based upon the weight of evidence and the excessiveness of the verdict, and manifestly cannot be considered on this appeal. The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ. 13.

*For reversal*—None.