ROGER BARBATO, INFANT, BY HIS NEXT FRIEND, JOSEPH BARBATO, PLAINTIFF-RESPONDENT, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October term, 1932—Decided May 3, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the defendant-appellant, *Evans, Smith & Evans*.

For the plaintiff-respondent, *John A. Celentano* (*Paul Rittenberg*, of counsel).

PER CURIAM.

This is an appeal from a judgment entered in favor of the plaintiff and against the defendant in the sum of $300 in the Passaic District Court.

The plaintiff was the owner of a policy of insurance issued to him by the Prudential Insurance Company of America. The contract contained a clause under which the insured, upon proof of total and permanent disability, became entitled to the sum of $50 per month for the rest of his life. Proof of disability under the policy was stated to mean physical or mental incapacity to such an extent that the insured is rendered wholly continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his life.

There are other provisions regarding age, &c., which are not pertinent here.

There is a further provision in the policy of insurance known as "supplementary provisions as to total and permanent disability," which provides substantially that if due proof of total and permanent disability has not been previously furnished and if the insured shall furnish due proof that he has been totally disabled, either physically or mentally to such an extent that he was rendered wholly and continuously unable to engage in any occupation or perform any work for any kind of compensation of financial value during a period of ninety consecutive days   *   *   *   such disability shall be presumed to be permanent and the company will upon receipt of such proof grant the disability benefits provided, &c., * * *. For this additional benefit an additional premium was paid by the plaintiff.

The plaintiff was a laborer and a stick of lumber fell upon his left hand.  Thereafter he was unable to use his hand for a period, according to his testimony, of seven months.  The injury was to the ulnar nerves.

The court, sitting without a jury, found in favor of the plaintiff and judgment was entered for the sum of $300.

The appellant argues two points.  First, that the proof offered failed to establish a cause of action and, second, that the court should have granted appellant's motion for nonsuit. Neither point, we think, is well taken.

Appellant argues that the proper proofs of loss were not filed, but we think that proofs other than those filed were, if required, waived under the circumstances.  The insurance company's doctor was in constant attendance and the insurance company was in possession of all the facts which it was possible for the doctor to gather.

In arguing the first point, the appellant points out that the medical testimony in the case was against the plaintiff in that the reports from these doctors indicated that the plaintiff could have resumed work prior to the expiration of the ninety day period and, furthermore, that one medical expert testified, first, that the disability wasn't permanent

and, secondly, that the plaintiff should have recovered from his injuries before the expiration of the ninety day period. That proof in favor of the appellant's position, taken alone, is persuasive, but the plaintiff testified that after this accident he as unable to use his arm for seven months and that during that seven months' period he was in fact incapacitated. This of course creates a fact issue and the court, sitting without a jury, determined that fact issue in favor of the plaintiff. Due proof, after all, is not measured by the formality with which it is presented and the testimony of the plaintiff although self-serving as against the expert testimony to the contrary created a fact issue which, being determined in favor of the plaintiff, is well within the rule governing matters of this kind and will not be disturbed on appeal. *Larned* v. *MacCarthy,* 85 *N. J. L.* 589; 90 *Atl. Rep.* 272.

The second point that the respondent here should have been nonsuited in the court below, manifestly, has no merit. There were facts in the case entitling the plaintiff below to a determination as to whether or not the permanent disability mentioned in the policy existed for the period claimed.

There was no error in refusing to nonsuit.

The judgment therefore will be affirmed, with costs.